### CITY OF FLORENCE v. BERRY.

#### SAME v. ROLLINS.

1. JURISDICTION—INDICTMENT—WAIVER.—If a warrant be sworn out before an officer not authorized to administer oaths, and the person served appears and pleads to the indictment, he thereby waives the right to make the point that the Court did not acquire jurisdiction of his person. *State* v. *Mays,* 24 S. C., 190, *distinguished from this.*

2. THE VENUE need not necessarily be proved affirmatively, but may be inferred from the evidence or from facts known to the jurors.

3. ALLEGATIONS AND PROOF.—In an indictment for selling corn whiskey at one date and rye at another and proof of the reverse, under ordinance against selling "any spirituous, malt, alcoholic, vinous or other intoxicating liquors or liquids," proof of sales of any such liquors by whatever kind or name known or called, is not a fatal variance between allegations and proof.

Before GARY, J., Florence. Affirmed.

Indictment by city of Florence against W. H. Berry and R. J. Rollins, in separate cases, for violating city ordinances. From affirmance in Circuit Court of judgment against defendants in mayor's court, defendants appeal on the following exceptions:

"I. Because the Circuit Judge erred in holding that the mayor had jurisdiction to try defendant, although it appeared upon the face of the proceedings that the prosecution against defendant was not based upon an oath or affidavit, as required by law.

"II. Because the Circuit Judge erred in holding that while the city clerk was without authority to administer an oath, and that although the prosecution in this case was based upon a statement purporting to have been sworn to before said clerk, yet that by appearing, the defendant waived the jurisdictional defect, and that the same was cured by verdict or sentence.

"III. Because the Circuit Judge erred in holding that defendant, having voluntarily appeared before the mayor and having gone to trial without making objection to the warrant or the affirmation on which it was based, was then in the position after verdict as though he had voluntarily submitted himself to the jurisdiction of the Court, and that in such case it would not be necessary for such clerk to be authorized to take the affirmation.

"IV. Because in the case of the city of Florence against W. H. Berry, there being no proof as to the sale of whiskey to James N. Purvis, his Honor erred in not holding that there was no venue proven as to the sale of whiskey to J. S. Dale, the sale to J. S. Dale being the only count in the warrant upon which there was any proof as to the sale of whiskey.

"V. Because in the case of the city of Florence against W. H. Berry, while the defendant was charged with selling to J. S. Dale on the 15th day of July, 1900, one-half pint of rye whiskey of the value of twenty-five cents, the proof was that the defendant sold to Dale two drinks of whiskey for fifteen cents, and his Honor erred in not holding that there was a total variance between the charge and proof, thereby placing the defendant in the position to be charged with one offense and convicted by proof of a different offense, and thereby placing defendant in a position to be indicted for the

same offense as proven in which indictment he could not plead former conviction.

"VI. Because in the case of the city of Florence against R. J. Rollins, while the defendant was charged with selling to Zehee one half pint of corn whiskey on February 6th, 1900, and one-half pint of rye whiskey on February 11th, 1900, the proof was that the defendant sold to Zehee one-half pint of rye whiskey on February 6th, 1900, and one-half pint of corn whiskey on February 11th, 1900, thereby placing the defendant in the position to be charged with one offense and convicted by proof of a different offense, and thereby placing defendant in a position to be indicted for the same offense as proven in which indictment he could not plead former conviction."

*Messrs. Wilcox & Wilcox,* for appellants, cite: *City clerk having no authority to administer oaths, cannot swear affiant to warrant:* Crim. Code, 19, 56; 9 S. C., 309. *Plea to the jurisdiction may be raised at any time:* 25 S. C., 285; 28 S. C., 313, 373; 30 S. C., 391; 39 S. C., 369. *If convicted on proof here and again indicted for same offense, defendant could not plead former jeopardy:* 58 S. C., 368. *Defendant cannot be convicted on proof of a separate and distinct fact from that charged in indictment:* 54 S. C., 196, 286.

*Mr. W. H. Wells, contra,* cites: *Defendant cannot raise question of want of jurisdiction here after having gone into trial below:* 50 S. C., 520; 24 S. C., 193; Crim. Code, 56. *City clerk had power to administer the oath:* 22 Stat., 820. *Venue need not be affirmatively proved:* 19 S. C., 96; 6 S. C., 383.

July 23, 1901.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   These two cases, being both prosecutions for violations of an ordinance of the city of Florence, forbidding the sale of spirituous liquors within

the corporate limits of said city, were heard and will be considered together, as the most of the questions presented by the appeals are common to both. We propose to consider these questions in the order in which they are considered in the argument of the counsel for appellants.

Exceptions one, two and three raise a jurisdictional point and may be considered together. The point made is that the affidavits upon which these prosecutions were based, purport to have been sworn to before the city clerk of Florence, an officer who it is claimed has no authority to administer an oath. Assuming, without deciding, that the city clerk has not been invested with power to administer an oath, we think that the jurisdictional point is not well taken. It must be remembered that jurisdiction is of two separate and distinct kinds: 1st, jurisdiction of the subject, or, as it is usually phrased, of the subject matter. 2d, jurisdiction of the person, and very different rules apply, where the question is as to the jurisdiction of the subject, from those which are applicable where the question is as to the jurisdiction of the person. In the former the question of jurisdiction cannot be waived by any act or admission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal. Hence the common expression, "Consent cannot confer jurisdiction." But in the latter the rule is very different. The party may, by consent, confer jurisdiction *over his person,* or may waive the right to raise the question, whether the proper steps prescribed by law for obtaining such jurisdiction have been taken, as is illustrated by the familiar instance of a party who, though not served with a summons, appears and answers, and is thereby precluded from afterwards raising the question as to whether the court had acquired jurisdiction of his person. See *Martin* v. *Fowler,* 51 S. C., at page 171; *Rosamond* v. *Earle,* 46 S. C., 9. Now in this case it is quite clear that the mayor's court had jurisdiction of the subject—a violation of one of

the ordinances of the city—and it is equally clear that the appellants have waived any right they may have had to raise the question as to whether such court had acquired jurisdiction of their persons by appearing before said court and defending the cases. The case of the *State* v. *Mays,* 24 S. C., 190, referred to both by the Circuit Judge and counsel for appellants, has been misconceived, and really has no application to the question raised by the exceptions we are now considering. That case arose in 1885, prior to the compilation of the Revised Statutes of 1893, and the sections there referred to are designated by the numbers affixed to them by the Gen. Stat. of 1882. For example, the section there referred to as sec. 830 is now, in the Revised Statutes of 1893, sec. 19 of the Criminal Statutes, 2 Rev. Stat., 268; and sec. 2501 there referred to, is now sec. 166 of Criminal Statutes, 2 Rev. Stat., 323; while sec. 2507 there referred to is now sec. 176 of the Criminal Statutes, 2 Rev. Stat. 326. The objection made in the case of *State* v. *Mays, supra,* to the affidavit, was not like the one here made—that the affidavit was not sworn to before an officer competent to administer an oath, but the objection there made was to the allegations contained in the affidavit, which under sec. 830 of the Gen. Stat. 1882 (now sec. 19 of the Crim. Stat. of 1893) served as the information, or indictment, so to speak, brought against the defendant; and the objection there made was that the allegations made in the affidavit left it doubtful, to say the least of it, whether the defendant was charged with a violation of sec. 2501 of the Gen. Stat. of 1882 (now sec. 166 of the Crim. Stat., 1893), of which the trial justice would have no jurisdiction, or whether he was charged with a violation of sec. 2507 of the Gen. Stat. of 1882 (now sec. 176 of the Crim. Stat. of 1893), of which the trial justice would have had jurisdiction. But as the Court held that the language used in the affidavit more properly brought the prosecution under sec. 2501 rather than under sec. 2507, it followed necessarily that the trial justice had no jurisdiction. It will thus be seen that the point decided in State *v.*

16—61

Mays was very different from that presented here; for there can be no doubt that the language used in the affidavit did constitute a charge against the appellants, which the municipal court unquestionably had jurisdiction to try. The fact that the affidavit upon which the warrant was issued was not sworn to before a person authorized to administer an oath (if such be the fact), while it might have led to very serious consequences, if the appellant had seen fit to resist arrest, and might have justified the appellants in defying arrest under such unauthorized warrant (*State* v. *Wimbush*, 9 S. C., 309) ; but where a party charged with a criminal offense sees fit to make no resistance to arrest, and voluntarily subjects his person to the jurisdiction of the court before which he is called to answer for the offense charged (as was the case here), we are unable to perceive how any defect in the warrant or in the affidavit upon which it was issued can affect the merits of the issue presented by the charge made against him. The first, second and third exceptions must, therefore, be overruled.

The fourth exception makes the point that, in the case against the appellant, Berry, there was no proof of the venue, as to the charge of selling whiskey to J. S. Dale. The testimony was that the witness bought the whiskey from Berry, "Back of Mr. Stackley's place of business, near a pump in a room." If the jury knew that the place indicated was within the lines of Florence County, and within the corporate limits of the city of Florence, that would be sufficient proof of the venue. *State* v. *Williams*, 3 Hill, 91, was a case very much like the present; for the testimony was that the liquor was bought at defendant's store, without stating where the store was situated. The Circuit Judge charged the jury that "Whether the defendant's store was within Marion District or out of it, was an inference of fact for them to decide. That it was not indispensably necessary for the witness to have said, in so many words, 'it is within the district,' if the truth were so, it is enough; and if the jury knew the place described to be within the district,

that was enough." This charge was approved by the Court of Appeals, in express terms. This case was recognized and followed in the case of *State* v. *Dent,* 6 S. C., 383, in a case of murder. To the same effect, see *State* v. *Vari,* 35 S. C., 175. The fourth exception is overruled.

Exceptions fifth and sixth may be considered together, as they both make the point that there was a variance between the allegations and the proof. To make such a point effective, it is necessary to show that the variance is *material,* but here the variances alleged are as to the kind and amount of whiskey sold, and this is manifestly immaterial. The offense consists of the sale of "any spirituous, malt, alcoholic, vinous or other intoxicating liquors or liquids," and it matters not what may be the particular kind or name of such liquors. These exceptions are overruled.

The judgment of this Court is, that the judgment of the Circuit Court, in each of the cases above named, be affirmed.