STATE v. BROWNING.

1. CRIMINAL LAW—ANIMALS.—The owner may be convicted for cruelty to animals upon evidence from which it may be inferred that the animal was cruelly worked when unfit for labor, with his knowledge and permission.

2. JURISDICTION WAIVER.—Objection to the jurisdiction of the person in a criminal case is waived by contesting case on merits.

3. EXCEPTION presenting a question not raised by appeal from magistrate and on which record does not show that Circuit Judge made any ruling, will not be considered.

Before J. A. McCULLOUGH, special Judge, Oconee, November, 1904. Affirmed.

Indictment against W. B. Browning. From Circuit order sustaining magistrate judgment, defendant appeals.

*Mr. J. R. Earle,* for appellant.

*Solicitor Julius E. Boggs,* contra.

February 14, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was convicted before a magistrate for violating the provisions of section 624 of the Criminal Code. On appeal to the Circuit Court the sentence imposed by the magistrate was affirmed. Thereupon the defendant appealed to this Court on the following exceptions:

"I. That the Judge erred in dismissing the appeal from the magistrate's court, but should have held the first and second grounds therein sufficient to reverse the magistrate.

"II. That the Judge erred in not holding that the act complained of as constituting the crime must be that of the accused, or some one in his employ, or under his direction or control.

"III. It was error for the Judge to hold that the 'mere fact of being the owner of the mule would make the defendant responsible,' but should have held that the act relied on as constituting the crime must be under such circumstances as to make it the act of the defendant."

The first ground of appeal from the magistrate sentence was as follows: "The magistrate erred in finding the defendant guilty, as there is no evidence that the defendant inflicted any cruelty upon the mule, or ordered any cruel or unusual work." Section 624 of the Criminal Code is as follows: "Every owner or person having the possession, charge or custody of any animal, who cruelly drives or works when unfit for labor, or cruelly abandons the same, or who carries, or causes the same to be carried, in or upon any vehicle or otherwise, in an unnecessarily cruel or inhuman manner, or knowingly or wilfully authorizes or permits the same to be subjected to unnecessary torture, suffering or cruelty of any kind, shall be punished for every such offense in the manner provided in preceding section." Without undertaking to review the testimony, this Court is satisfied that there were facts in evidence from which it might properly have been inferred that the mule was cruelly worked when it was unfit for labor, with the knowledge and permission of the defendant, who was owner thereof.

The second ground of appeal from the magistrate sentence was as follows: "There is no evidence that the offense charged was committed in Oconee County, and the Court was without jurisdiction to impose any sentence." The testi-

mony tended to show that the offense was committed in Oconee County, but even if it failed to show that the offense was committed in that county, such objection related to the jurisdiction of the *person,* and was waived when the defendant contested the case upon the merits.

The appellant's second and third exceptions on appeal to this Court cannot be sustained, for the reason that the exceptions on appeal from the magistrate sentence presented no such question, and it does not appear in the record that the Circuit Judge made any ruling thereon.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.