6947

### SILCOX & CO. v. JONES.

JURISDICTION—FORECLOSURE.—A mortgagor cannot give the Court in a county other than the one in which the mortgaged lands are situated and the mortgagor resides jurisdiction by consent to make a decree of foreclosure in a case commenced in such other county.

Before DANTZLER, J., Florence, March, 1908.    Affirmed.

Action by Silcox & Co. against Ella F. Jones and B. Wallace Jones. From order setting aside decree in foreclosure, plaintiffs appeal.

*Messrs. Mordecai & Gadsen, Rutledge & Hagood,* for appellants, cite: *There are no provisions of law requiring suits in foreclosure to be brought in any particular county:* Code of Proc., 144, 145, 146, 147; 25 S. C., 385; 28 S. C., 313; 22 S. C., 276; 37 S. C., 102; 49 S. C., 20; 25 S. C., 378; 53 S. C., 198; 70 S. C., 288.

*Messrs. Lee & Askins* and *Willcox & Willcox,* contra, cite: *This action should have been commenced in Williamsburg county:* Code of Proc., 144, 145, 146; 22 S. C., 277; 24 S. C., 394; 25 S. C., 386; Jones on Mtg. R. P., sec. 1357; 9 Ency. P. & P., 250; 12 Ency. P. & P., 135; 71 S. C., 424; 74 S. C., 441. *Court of Florence county had no jurisdiction:* 25 S. C., 385; 51 S. C., 171; 53 S. C., 121; 53 S. C., 198; 61 S. C., 240.

July 10, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. Judge Dantzler, by his decree dated 12th day of February, 1908, adjudged that the twenty-seven tracts of land mortgaged by the defendant to the plaintiff, to secure about eleven thousand dollars in debts, should be sold by the sheriff of Williamsburg county on the first Monday in April, 1908.

It seems that the plaintiff's action was commenced in Florence county in October, 1906, and that the usual summons was served upon the two defendants, they making no appearance, answer or demurrer to the same, but the defendant, Ella F. Jones, made the following statement, to wit:

"I, Ella F. Jones, do hereby consent and agree that application for a decree of foreclosure in the above entitled

cause, and the granting of a decree of foreclosure in said cause may be made, either in term time or in vacation, within the County of Florence or without the county, to any one of the Judges of the Court of Common Pleas and General Sessions, in the State of South Carolina, for the purpose of securing and having signed a decree of foreclosure in the above entitled cause, as fully, amply and completely as if I had consented thereto at the time of securing the said decree; the object and reason of the signing of this stipulation being that I do not wish a decree of foreclosure to be taken at the present term of the Court of Common Pleas for the County of Florence, but as I am to have until the first day of January, 1908, to pay the amounts due on said bonds and mortgages, in the event of my failure so to do, I desire to afford to the plaintiffs the opportunity to secure their decree of foreclosure and sell the property if I should fail to pay the same by the first day of January, 1908. Such decree would provide for there being due under the said bonds and mortgages the sums set out in Exhibit 'A,' hereto annexed and hereby made a part of this agreement, together with ten (10) per cent. counsel fees to be assessed and allowed under the terms of the said mortgages.

"Dated at Lake City, in said State, this 18th day of November, A. D. 1907.       "Ella F. Jones.

"Signed, sealed and delivered in the presence of:
"B. Wallace Jones, Jr.
"J. P. Huggins."

On the 23d of March, 1908, after due notice to the plaintiffs and their attorneys, Messrs. Mordecai, Gadsden, Rutledge and Hagood, the defendants, Mrs. Ella F. Jones and B. Wallace Jones, applied to Judge Dantzler, at chambers at Kingstree, S. C., which was heard on the 27th day of March at 10 o'clock, for an order staying all further proceedings under the judgment of foreclosure and sale rendered in the above stated action at chambers, on the 12th day of February, 1908, pending the final termination of

the motion to vacate said judgment, which motion is to be heard at the next "summer" term of the Court of Common Pleas for Florence county, and for such other and further relief as may be proper.

On the day fixed for the hearing Judge Dantzler passed the following order: "The motion for a stay of all proceedings under the judgment of foreclosure and sale in the above entitled action having come on for a hearing before me at my chambers, in Kingstree, South Carolina, on the 27th day of March, 1908, pursuant to notice, which was duly served, and it appearing that a notice of a motion to vacate said judgment has been properly served on plaintiffs and their attorneys, and it appearing to my satisfaction that the Court which granted said judgment was entirely without jurisdiction of the subject matter of the action, it is, on motion of Lee & Askins and Willcox & Willcox, defendants' attorneys, ordered, that all proceedings under and by virtue of said judgment of foreclosure and sale be stayed until the final determination of the motion to vacate said judgment.

"Ordered, further, That a copy of this order be forthwith served upon George J. Graham, sheriff of Williamsburg county, to whom the execution of said judgment was confided."

From this order the plaintiffs have appealed on the following four grounds, which we will consider in their order:

1. "Because his Honor erred in holding that he was without jurisdiction to sign the decree of foreclosure and sale made by him in the case on the 12th day of February, 1908."

Before announcing our conclusion upon this ground of appeal we will remark that the two defendants, Ella F. Jones and B. Wallace Jones, were residents of the County of Williamsburg, and that all the lands embodied in the mortgages given by them to the plaintiffs were located entirely within the boundaries of Williamsburg county. If there was no jurisdiction of the Circuit Court of Florence

county, there was no jurisdiction to pass the order in question by Judge Dantzler. His order as presiding Judge of the Circuit Court of Florence county was confined to the persons of the defendants residing within Florence county. This of course means that the Court had obtained jurisdiction of said defendants within Florence county, and subject matter would be confined to the Court of Common Pleas for said Florence county. The plaintiffs sought to give the Court of Common Pleas jurisdiction of these defendants when they did not reside in Florence county, but, on the contrary, resided within the limits of Williamsburg county; and while the Court of Common Pleas for Florence county did not have jurisdiction of the mortgaged lands in question because they were located in Williamsburg county, and not in Florence county. The question of jurisdiction is governed by the provisions of the Code of Procedure of this State.

Section 144 provides: "Actions for the following causes must be tried in the county in which the subject of the action or some parts thereof is situated, subject to the power of the Court to change the place of trial, in the cases hereinafter provided."

While section 145, of said Code, provides: "Actions for the following causes must be tried in the county where the cause or some part thereof arose, subject to the like power of the Court to change the place of trial."

And while section 146 provides: "In all other cases the action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

In the action at bar, as before remarked, the subject of action was located within the territorial limits of Williamsburg county and the party defendants resided within Williamsburg county.

This is no new question, for this Court has held, in the cases of *Ware* v. *Henderson*, 25 S. C., 386; *Steele* v. *Exum*, 22 S. C., 276; *Bacot* v. *Lowndes*, 24 S. C., 392, that the

action must be commenced in the limits of the county where the property is located.

By these means the law seeks to restrict and confine the commencement of an action relating to real estate to the county within which the lands are located. This is true in the case at bar, unless the written consent of the defendant, Ella F. Jones, confers such jurisdiction, but the cases we have just cited show that it is not within the power of such defendant to waive the jurisdiction hereinbefore announced. These principles are recognized in *Beaudrot* v. *Murphey,* 53 S. C., 121, 30 S. E., 825, and *Riddle* v. *Reese,* 53 S. C., 198, 31 S. E., 222.

As is well remarked by this Court in *Florence* v. *Berry,* 61 S. C., 240, 39 S. E., 389: "In the former, referring to (subject matter), jurisdiction cannot be waived by any act or omission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal. Hence the common expression 'consent' cannot confer jurisdiction."

Hence it follows that his Honor was without jurisdiction to sign the decree of foreclosure and sale in this case. This exception is overruled.

2. "Because his Honor erred in holding that under the provisions of the Code in such case made and provided, the decree of foreclosure and sale could not be made in this cause at chambers by consent in writing of the defendant, Ella F. Jones."

For the same reasons, heretofore given, the decree of foreclosure and sale could not be made at chambers by the consent in writing of the defendant, Ella F. Jones.

The third and fourth exceptions will be considered together.

3. "Because his Honor erred in holding that the Court of Common Pleas in Florence county was without jurisdiction in this matter to decree the foreclosure of a mortgage of land in Williamsburg county."

4. "Because his Honor erred in ordering the stay of the sale directed by him to be made by the sheriff of Williamsburg county, at the Kingstree courthouse, of the land described in the complaint."

The Court of Common Pleas for Florence county was without jurisdiction to decree the foreclosure and sale of lands in Williamsburg county, because it is not in the power of the defendant, Mrs. Ella F. Jones, to successfully evade the requirements of law. And the same principles would render the decree made in Florence county, requiring a sale by the sheriff of Williamsburg county, inoperative because contrary to law. These exceptions are overruled.

The judgment of this Court is, that the decretal order appealed from be affirmed.

MR. JUSTICE GARY *dissents.*

MR. JUSTICE WOODS, *concurring.* I concur in affirming the judgment of the Circuit Court, but cannot assent to all that is expressed in the opinion of the Chief Justice.

The complaint was brought in the Court of Common Pleas for Florence county on a bond and mortgage, and asked for a sale of the land and a money judgment against the mortgagor for any deficiency. The land was situated in Williamsburg county and the mortgagor resided in that county. The stipulation and agreement of the mortgagor, Ella F. Jones, was "that application for a decree of foreclosure in the above-entitled cause and the granting of a decree of foreclosure in said cause may be made, either in term time or in vacation, within the County of Florence, or without the county, to any one of the Judges of the Court of Common Pleas and General Sessions in the State of South Carolina." This was, in effect, an appearance in the cause, and a consent that it should be heard at chambers anywhere within the State, and it was further, a waiver of the want of jurisdiction of the Court of Common Pleas for

Florence county to entertain the action, as far as it was possible for the mortgagor to make such a waiver.

Had the consent of the mortgagor been to the effect that a money judgment for the amount of the mortgage debt should be entered against her, such judgment would have been valid, because a defendant may waive jurisdiction of the person.   *McGrath* v. *Insurance Co.*, 74 S. C., 71, 54 S. E., 218.

The stipulation of Mrs. Jones, however, provided only for a "decree of foreclosure," and this should not be extended by intendment to mean a decree for a money judgment only.   No consent of Mrs. Jones could confer jurisdiction of the subject matter.   Had the action been commenced in Williamsburg county, the consent of Mrs. Jones for a hearing of the cause at chambers in another county would have supported the judgment.   Civil Code, section 2736.   But the consent of the mortgagor could not confer jurisdiction on the Court of Common Pleas for Florence county to entertain an action to foreclose a mortgage of land lying in Williamsburg county.   Therefore, the judgment of foreclosure and sale was a nullity.