## 16699

## STATE v. LANGFORD
(73 S. E. (2d) 854)

*Messrs. Robert T. Ashmore, Circuit Solicitor, Hubert E. Nolin, County Solicitor,* and *Benj. A. Bolt, Associate Counsel,* of Greenville, for Appellant,

*Messrs. J. G. Leatherwood* and *C. Victor Pyle,* of Greenville, for Respondent,

January 2, 1953.

OXNER, Justice.

The question on this appeal is whether respondent may be tried and sentenced as a second offender for operating a motor vehicle while under the influence of intoxicating liquor.

Under the terms of Section 57(a) of Act No. 281 of the 1949 Acts of the General Assembly, Act June 7, 1949, 46 St. at L. 466, it is unlawful for any person who is under the influence of intoxicating liquor to drive an automobile within this State Subdivision (c) requires the Highway Department to suspend the license of any person "who is convicted or who receives sentence upon a plea of guilty or who forfeits bail posted" for the violation of any law of this State or the ordinance of any municipality prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor. Subdivision (e) states "That the entry of any pleas of guilty and the forfeiture of any bail posted" for the violation of such law or ordinance "shall have the same ef-

fect as a conviction after trial under all of the provisions of subdivision (c) of this section." Subdivision (g) of Section 57 is in part as follows:

"Any person violating any provision of subdivision (a) of this section shall upon conviction, entry of pleas of guilty or forfeiture of bail and for the purposes of this Act any conviction, entry of plea of guilty or forfeiture of bail for the violation of any law, or ordinance of this State or any municipality of this State that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs or narcotics, shall constitute an offense for the purpose of any prosecution for any subsequent violation hereof, and such person shall be punished in accordance with the following: (1) By a fine of not less than fifty ($50.00) dollars, nor more than one hundred ($100.00) dollars; or imprisonment for not less than ten (10) days nor more than thirty (30) days, for the first offense. (2) By a fine of not less than one thousand ($1,000.00) dollars, or imprisonment for one year, or both for the second offense. (3) By a fine of not less than two thousand ($2,-000.00) dollars, or imprisonment for three years, or both for the third offense. (4) By a fine of not less than three thousand ($3,000.00) dollars or imprisonment for four years, or both, for the fourth offense or any subsequent offense."

Respondent was indicted and tried at the January, 1952, term of the Greenville County Court of General Sessions for operating a motor vehicle on April 6, 1951, while under the influence of intoxicating liquor. He was charged as a second offender. The State sought to establish a first offense by the following circumstances:

About 2:20 A. M. on May 29, 1948, respondent was arrested, without a warrant, by two police officers of the City of Greenville for operating an automobile while under the influence of liquor, in violation of Article 3, Section 48, of the City Traffic Regulations. He was taken to the police station where said charge was duly entered on the criminal

docket of the municipal court. The entries made included respondent's full name, address and age, the time and place of arrest, the ordinance violated, and that the offense was committed in view of the officers. Several hours later a professional bondsman posted bond for respondent in the sum of $60. About 7:40 A. M. he was released from custody. The municipal court convened at 9:00 A.M. the same morning. Respondent failed to appear and the recorder ordered the bond forfeited, and on the same day reported the violation to the State Highway Department, which presumably suspended respondent's license to drive. No warrant of arrest was ever issued. Respondent has never sought to vacate or appeal from the judgment of forfeiture, and no effort was made by him or his bondsman to challenge the jurisdiction of the municipal court until after he was arrested as a second offender on April 6, 1951.

At the close of the State's case in the Court of General Sessions for Greenville County, respondent made a motion for a directed verdict on the ground that no warrant having ever been issued for the offense alleged to have been committed on May 29, 1948, the proceedings had in the municipal court were a nullity and there had never been any lawful forfeiture of bail so as to constitute a first offense. The trial Judge sustained this contention and held "that the forfeiture of the bond was a nullity because no jurisdiction was ever obtained of the accused, since a warrant was not issued for his arrest within a reasonable time after his detention." Accordingly he directed a verdict of not guilty upon the charge that respondent was a second offender, from which the State has appealed.

The State contends (1) that there may be a valid forfeiture of bail within the contemplation of Section 57 (g) of the 1949 Act heretofore mentioned, even though no warrant was ever issued, and (2) that the circumstances show that respondent waived any right to have a warrant issued and served upon him.

For a quarter of a century we have had legislation enhancing the punishment for a second or subsequent offense of driving a motor vehicle while under the influence of intoxicating liquor, but prior to 1947, in order to sustain a conviction for a second offense, it was necessary for the State to show that the accused had been previously *convicted* as a first offender. It is common knowledge that many offenders sought to evade the effect of the statute increasing the punishment for a second offense by simply posting and forfeiting bond when caught driving an automobile while intoxicated. Doubtless to stop this loophole, the General Assembly in 1947, Act of May 7, 1947, 45 St. at L. 216, made the forfeiture of bail by one charged with the violation of the statute the equivalent of a conviction for the purpose of prosecution and sentence for driving while intoxicated. This policy was carried forward in the Act of 1949 which we are now called upon to construe.

Since the offense of May 29, 1948 was committed in view of the police officers, it is properly conceded that they had a right to arrest respondent without a warrant. After he was taken to the police station and the charge entered on the docket of the municipal court, that court was empowered to grant bail and to accept a cash bond in lieu of a recognizance with surety. Section 940 of the 1942 Code gives the right to "All persons charged (and to be tried) before any magistrate" for any violation of law to deposit with the magistrate cash in lieu of entering into a recognizance. Section 952 has the effect of making Section 940 applicable to charges preferred in municipal courts. Under Section 103 of the 1944 Code of the City of Greenville, the police department is authorized to fix the amount of cash bonds to be deposited by persons charged with violation of city ordinances. Section 800 of said City Code is as follows:

"Every person charged and to be tried in the Municipal Court for any violation of the ordinances of the City shall, in lieu of entering into bond or recognizance, be entitled to deposit with the clerk of said Municipal Court a sum of

money not to exceed the maximum fine which may by law be imposed upon conviction of the offense charged. Should the person so released on deposit of cash bond fail to appear in Municipal Court and answer to the charges preferred, or to be preferred against him, said deposit of cash shall be forfeited to the City of Greenville. It is to be understood, however, that failure to appear and forfeiture of bond shall not discharge the accused person from the charges against him, and the Recorder, or other presiding officer of the Municipal Court, may order the rearrest of the accused and the presentation of him to the Court for trial."

Section 930 of the Code of 1942 provides that "All proceedings before magistrate in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue," which has been uniformly construed as applicable to prosecutions in municipal courts. Respondent argues that under the construction placed by this Court on Section 930, there can be no valid adjudication, either by way of conviction of the accused or by forfeiture of bond, until a warrant has been issued, and that the absence of a warrant goes to the jurisdiction of the Court and cannot be waived. So that we are faced squarely with the question of whether under the circumstances of this case there can be a valid forfeiture of bail where no warrant for the arrest of the accused has ever been issued.

Proceedings before a magistrate or in a municipal court are summary. No indictment is required. Section 995 of the 1942 Code. Ordinarily the charge is preferred in a warrant upon which the accused is tried. But even though the proceedings in such courts lack many of the formalities required in a court of general sessions, jurisdiction of the offense charged and of the person of the accused is indispensable to a valid conviction. "It has been said that jurisdiction of the subject matter of a particular case is vested in the court when the appropriate charge is filed, while jurisdiction of the person is acquired when the party charged

is arrested or voluntarily appears in court and submits himself to its jurisdiction." 22 C. J. S., Criminal Law, § 143, p. 235. While jurisdiction of the offense or subject matter may not be waived, the objection that the Court has no jurisdiction of the person of the accused may be waived, and as a general rule "is waived when accused submits to the jurisdiction of the court by posting bail or entering a recognizance without objection." 22 C. J. S., Criminal Law, § 161, p. 259. In pointing out the difference between jurisdiction of the subject matter and the person, Chief Justice McIver in City of Florence v. Berry, 61 S. C. 237, 39 S. E. 389, 390, said:

"It must be remembered that jurisdiction is of two separate and distinct kinds: (1) Jurisdiction of the subject, or, as it is usually phrased, of the 'subject-matter'; (2) jurisdiction of the person,—and very different rules apply where the question is as to the jurisdiction of the subject from those which are applicable where the question is as to the jurisdiction of the person. In the former the question of jurisdiction cannot be waived by any act or admission of the parties, for the very obvious reason that the parties have no power to invest any tribunal with jurisdiction of a subject over which the law has not conferred jurisdiction upon such tribunal. Hence the common expression, 'Consent cannot confer jurisdiction.' But in the latter the rule is very different. The party may, by consent, confer jurisdiction *over his person,* or may waive the right to raise the question, whether the proper steps prescribed by law for obtaining such jurisdiction have been taken, as is illustrated by the familiar instance of a party who, though not served with a summons, appears and answers, and is thereby precluded from afterwards raising the question as to whether the court had acquired jurisdiction of his person."

In *City of Florence v. Berry, supra,* the defendant was tried and convicted for violation of an ordinance forbidding the sale of liquor. On appeal, he contended that the mayor's court was without jurisdiction to try the case because the

affidavit upon which the warrant was issued was sworn to before an officer not authorized to administer such oath. This Court held that even if the warrant was invalid, the defendant waived any right that he may have had to raise this question by appearing before the mayor's court and defending the case.

In *Town of Batesburg v. Mitchell,* 58 S. C. 564, 37 S. E. 36, and *City of Spartanburg v. Parris,* 85 S. C. 227, 67 S. E. 246, this Court indicated rather clearly that a defendant charged with a violation of a municipal ordinance may waive the right to have a warrant issued. It may also be of interest to note that it has been repeatedly held in this State that many constitutional rights and privileges accorded an accused may be waived by him, *State v. Faile,* 43 S. C. 52, 20 S. E. 798, among them the right to demand an indictment by a qualified grand jury, *State v. Rector,* 158 S. C. 212, 155 S. E. 385; *State v. Hann,* 196 S. C. 211, 12 S. E. (2d) 720, and the right to be tried by a duly qualified petit jury. *State v. Parsons,* 171 S. C. 449, 172 S. E. 424.

We now turn to the decisions of this Court relied on by respondent.

In *State v. Praser,* 173 S. C. 284, 175 S. E. 551, defendant was arrested on a warrant charging a breach of the peace. He pleaded guilty to this charge in the municipal court of the City of Sumter and was duly sentenced. Immediately thereafter, while still in the court room, a charge of vagrancy was orally made against him and entered on the criminal docket of that court. He was then tried, convicted and sentenced upon this charge. After completing the service of the sentence for breach of the peace, he applied to the Circuit Court for a writ of *habeas corpus* and asked to be discharged upon the ground that his conviction upon the vagrancy charge, when no warrant had been issued for that offense, was null and void. The City of Sumter contended in the *habeas corpus* proceedings that before being tried upon the charge of vagrancy, the defendant agreed to waive the issu-

ance of a warrant for that offense, to which the defendant, an illiterate Negro, replied that he did not know the meaning of the word "waive" and had no knowledge of the effect of waiver. The Circuit Court held that the trial on the vagrancy charge was a nullity because no warrant had ever been issued for that offense, and discharged the defendant. Upon appeal by the State, the judgment of the Circuit Court was affirmed.

In *Town of Honea Path v. Wright,* 194 S. C. 461, 9 S. E. (2d) 924, 927, the defendant was arrested by the police officers without a warrant and later tried, convicted and sentenced in the mayor's court of the Town of Honea Path for driving an automobile while under the influence of liquor. Neither before nor at the trial did the defendant demand a warrant. On appeal to the Circuit Court, for the first time he raised the question that the trial was illegal because no warrant had ever been issued. That Court held that the defendant had waived this right. This Court, on the authority of *State v. Praser, supra,* reversed the judgment of the Circuit Court upon the ground that the mayor's court had no jurisdiction of the defendant and its judgment was a nullity because of lack of a warrant. In reaching this conclusion, the Court said:

"There is a marked difference between the arrest of an offender by an officer without a warrant, and proceedings before a magistrate which include formal charges supported by oath, bail, and trial. Nor does the provision in Section 930, to the effect that proceedings before magistrates shall be summary, dispense with the very process which gives them jurisdiction. Without doubt, the administration of the law, and the rights of persons charged with crime can best be served by a due observance of statutory requirements. It is the constitutional right of a person charged with a criminal offense to be fully informed of the nature and cause of the accusation. Article I, Section 18 of the Constitution. When a warrant is issued, substantially setting forth the offense, and the verdict of the jury, or that of the magistrate, is endorsed thereon, this paper becomes original evidence.

and prevents any possibility of the prisoner being again tried for the same offense. And this was no doubt one of the reasons which moved the Legislature to require that all prosecutions be commenced by the issuance of a warrant. And because the rights of the accused are not only of interest to him, but concern the state, the statutory requirement may not be waived."

The decisions in other jurisdictions are sharply in conflict on the question of whether an accused may be lawfully convicted in a municipal court or a court of magistrate without the issuance of a warrant. To illustrate, in Mississippi it is held that an affidavit charging the offense for which the defendant is put on trial is essential to his jurisdiction, *Morris v. State,* 118 Miss. 605, 79 So. 811, while in Alabama an accused may waive the right to be apprised by written complaint of the nature and character of the proceeding instituted against him. *McKinstry v. City of Tuscaloosa,* 172 Ala. 344, 54 So. 629; *Sherrod v. State,* 197 Ala. 286, 72 So. 540.

The writer, speaking only for himself, finds some difficulty in harmonizing the decisions of this Court in *State v. Praser, supra,* and *Town of Honea Path v. Wright, supra,* with the opinion of Chief Justice McIver in *City of Florence v. Berry, supra,* 61 S. C. 237, 39 S. E. 389. It may be plausibly argued that there is no sound distinction in principle between a trial of an accused in a municipal court on an invalid warrant, because issued on an affidavit sworn to before a person not authorized to administer the oath, and a trial without a warrant. Be that as it may, we are not called upon now to pass upon the legality of the trial and conviction of an accused without a warrant. Respondent has never been tried or convicted. He has never asked for a trial. He has been content to let the prosecution in the Greenville Municipal Court rest. The question here is whether there has been a forfeiture of bail within the contemplation of the 1949 Act. Many, if not all, of the underlying reasons given by the Court for the con-

clusion reached in the Town of Honea Path case are not applicable to the question now before us.

There is no constitutional requirement in this State that criminal prosecutions in inferior courts shall be commenced by the issuance of a warrant. The provision in Section 930 of the 1942 Code that all proceedings in such courts "shall be commenced on information under oath * * * upon which, and only which, shall a warrant of arrest issue", cannot reasonably be construed as forbidding any steps in the judicial process until an information under oath is filed. It is argued by respondent that the word "bail" contemplates security for the appearance of a defendant to answer a criminal charge pending against him, and that a forfeiture thereof is a judicial act. It is said that since no warrant was ever issued, there was never any criminal action pending against respondent, and as there was no criminal action pending, there could be no valid judgment of forfeiture. The North Carolina case of *In re Wright,* 228 N. C. 584, 46 S. E. (2d) 696, is cited to sustain this position. It is true that forfeiture of bail is a judicial act but it is likewise true that "Granting bail and fixing its amount is a judicial or *quasi* judicial function." *Sauskelonis v. Herting,* 89 Conn. 298, 94 A. 368, 369. If the argument now advanced is carried to its logical conclusion, bail could never be granted until a warrant was issued. If this practice were sanctioned, it would result in great inconvenience and at times impose undue hardship on an accused charged with a very minor offense, such as a traffic rule violation, when no magistrate was readily accessible to issue a warrant.

When the legislation under consideration was enacted, the members of the General Assembly were undoubtedly familiar with the custom prevailing in many sections of the State to consider the nonappearance and forfeiture of bail in inferior courts as ending the prosecution. It could not have been the legislative intent that bail could only be forfeited in cases where a warrant had been duly issued for the accused. We do not think that the construction now advanced by respond-

ent, which seems to exalt alleged technical requirements to the sacrifice of essential justice, was in the contemplation of the General Assembly.

In the instant case we have a lawful arrest. Respondent was orally informed of the charge preferred against him and it was regularly entered on the criminal docket of the municipal court. Several hours later bond was posted. The fact that this bond was furnished by a third party and not by the accused is conceded to be of no significance and does not affect the question involved. Into the cash bond posted by accused or his bondsman will be written the terms of Section 800 of the City Code of 1944, which provides: "Should the person so released on deposit of cash bond fail to appear in Municipal Court and answer to the charges preferred, or to be preferred against him, said deposit of cash shall be forfeited to the City of Greenville." Respondent is charged with knowledge of the terms of this ordinance. He failed to appear when his case was called and the bond was forfeited. No action has ever been taken in the municipal court to avoid said forfeiture or question its validity. It will be presumed that there was full compliance with all requirements as to forfeiture. The question as to its validity was never raised until approximately three years later when respondent was again arrested for driving an automobile while under the influence of intoxicating liquor and indicted in the Court of General Sessions. It was then sought to make a collateral attack on the judgment of forfeiture made in another court.

Can respondent question the act of the municipal authorities in granting him bail? We think not. It was he who applied for bail and he will not now be heard to say that the municipal authorities had no right to grant him bail prior to the issuance of a warrant. Is respondent in a position to recover the cash bond which he now claims was illegally forfeited on the ground that the police officers failed to procure a warrant, although none was ever demanded? We think not.

In *Sauskelonis v. Herting, supra,* the defendant was arrested by a police officer of the City of New Britain, Connecticut, upon a warrant charging a breach of the peace. Neither the clerk nor judge of the municipal court was present at the police headquarters and the defendant applied to one Herting, a police sergeant, who was in charge of the station at the time, for bail. Herting, without any authority to do so, fixed bail in the sum of $50.00 which the defendant furnished, and was released. He failed to appear when his case was called and his bail was forfeited. Thereafter he brought an action to recover the bail deposit upon the ground that it was illegal and void because fixed and accepted by a person not authorized to grant bail. Recovery was denied upon several grounds, one of which is stated in the opinion as follows:

"An accused may waive any matter of form or substance, excepting only what may relate to the jurisdiction of the court. *State v. Brockhaus, 72* Conn. [109] 117, 43 A. 850. The plaintiff applied to Herting to fix bail for his appearance in the police court, and it was so fixed, and he gave it, without questioning the bond, or its amount, or the authority. What he did was done voluntarily. He must be presumed to have known the law, and known that the taking of the cash bail in this manner was illegal. He must be presumed to have known that the bail given for his appearance would upon his failure to appear be forfeited. He thus obtained his release by consenting that upon failure to appear the obligation he had entered into should become absolute. Whatever illegality existed in the fixing or taking of the bail he waived. He agreed that forfeiture by the proper authority would follow his nonappearance. He cannot now question the integrity of the proceedings undertaken at his own instance."

It is our conclusion that respondent has waived any right to attack, upon the ground that no warrant has ever been issued for him, the judgment of forfeiture entered in the Greenville Municipal Court.

The judgment of the Court below is reversed and the case is remanded for further proceedings in accordance with the views herein expressed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.