18275

The STATE, Respondent, v. Elwood Clifton DOUGLAS, Appellant

(138 S. E. (2d) 845)

84

*Messrs. C. M. Benedict, III,* and *Orian A. Manucy,* of
Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Clarence T. Goolsby, Jr., Assistant Attorney General,* of Columbia, *for Respondent,*

November 10, 1964.

LEWIS, Justice.

The defendant has appealed from his conviction in the County Court of Charleston County of the offense of driving a motor vehicle while under the influence of intoxicants, second offense, in violation of Section 46-343 of the 1962 Code of Laws. The exceptions charge that the lower court erred (1) in refusing to direct a verdict of not guilty and (2) in unduly limiting the cross examination of one of the State's witnesses. In addition to the questions raised by the

exceptions, the defendant challenges, for the first time, in his brief the jurisdiction of the County Court.

The defendant was apprehended by a State Highway Patrolman on May 17, 1963, while operating his automobile on U. S. Highway No. 52 north of the City of Charleston. The testimony of the arresting officer shows that he observed the defendant operating his automobile from one side of the road to the other; and that at the time of arrest the defendant had a strong odor of alcohol about him, could not stand or walk without assistance, and his speech, both as to clarity and coherence, was affected. Under the foregoing testimony of the arresting officer, the exception charging error in the refusal of the trial court to direct a verdict of not guilty is totally without merit.

Two officers testified that in their opinion the defendant was highly intoxicated. On cross examination one of these officers was asked the following question: "How much beer do you think a person would have to drink to become, as you describe it, highly intoxicated?" The trial judge sustained an objection to the question, and the defendant charges error in such ruling. The objection was properly sustained. There was no showing that the witness was competent to answer the question and, if so, it was irrelevant.

The remaining question concerns the challenge to the jurisdiction of the trial court. The defendant was tried, without objection, in the County Court of Charleston County upon an indictment returned by the grand jury at a term of the General Sessions Court for that county. The same grand jury serves and acts upon all indictments for both the County Court and the Court of General Sessions. Section 8, Act No. 776 of the 1962 Acts of the General Assembly (Section 15-629.8, 1964 Supplement to the 1962 Code of Laws). After the indictment was returned to the Court of General Sessions, the case was transferred for trial to the County Court which had con-

current jurisdiction to try the offense charged against the defendant. Section 16, Act No. 776 of the 1962 Acts of the General Assembly (Section 15-629.16, 1964 Supplement to the 1962 Code of Laws). It is conceded that there is no statute authorizing such transfer. The defendant contends that, since the indictment was returned by the grand jury to the Court of General Sessions, that court had exclusive jurisdiction of the cause; and that the subsequent transfer, without statutory authority to do so, was ineffective to confer jurisdiction upon the County Court to try him. We think that the defendant waived the jurisdictional objection by his failure to interpose it at the time of trial.

Jurisdiction is of two distinct kinds: (1) jurisdiction of the subject or subject matter, and (2) jurisdiction of the person. In determining questions relating to each, different rules apply. Jurisdiction of the subject matter cannot be waived by any act or admission of the parties; but a party may confer jurisdiction over his person by consent, or may waive the right to raise the question. *City of Florence v. Berry,* 61 S. C. 237, 39 S. E. 389.

Generally, jurisdiction of the subject matter is satisfied when appropriate charges are filed in a competent court, while jurisdiction of the person is acquired when the party charged is arrested or voluntarily appears in court and submits himself to its jurisdiction. *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854.

In this case, jurisdiction of the County Court over the subject matter is not involved, for it is undisputed that the defendant was properly indicted by the grand jury of Charleston County where the crime was committed and he was tried in a court which had jurisdiction, concurrent with that of the Court of General Sessions, to try the offense charged. The case against the defendant was simply transferred for trial between courts having concurrent jurisdiction of the offense. The jurisdiction of the County Court over the offense was con-

ferred by law and not by the act of transferring the case to it for trial. The objection here, therefore, relates to the exercise of jurisdiction rather than to its existence, and concerns solely a question of jurisdiction of the County Court over the person of the defendant, which, as pointed out above, may be waived.

Since it relates solely to jurisdiction over the person, the defendant waived any objection to the transfer of his case to the County Court for trial by failing to object and going to trial on the merits. 22 C. J. S., Criminal Law, § 154 (b) ; *State v. Orr*, 225 S. C. 369, 82 S. E. (2d) 523; *State v. Howell*, 220 S. C. 178, 66 S. E. (2d) 701; *State v. Browning*, 70 S. C. 466, 50 S. E. 185.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.