13894

STATE v. PRASER

(175 S. E., 551)

*Messrs. Shepard K. Nash* and *C. M. Edmunds,* for appellant,

*Mr. L. D. Jennings,* for respondent,

July 30, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

Upon being lawfully arrested upon a warrant duly issued, Willie Praser, colored, was brought to trial before the recorder of the municipal Court of the City of Sumter upon the charge of breach of the peace. Just what his conduct was, as constituting this offense, does not appear, nor is it necessary that it be known. Sufficient it is that Willie Praser entered a plea of guilty and the recorder imposed a sentence upon him of $75.00 fine or imprisonment of thirty days on the chain gang. While the defendant was yet in the Recorder's Court, a charge of vagrancy was orally made against him, and entry thereof was made on the criminal docket of said Court. Upon this charge he was placed upon trial, was convicted, and was again sentenced to $75.00 fine or thirty days' imprisonment. When he had completed the service of the first thirty days, he applied to the Court for a writ of *habeas corpus*, and asked for his discharge from custody upon the ground that his conviction under the vagrancy charge was illegal, for the reason that no warrant had ever been issued charging him with vagrancy.

The return of the City of Sumter admitted the conviction and sentence of the defendant, but alleged that, before the trial for vagrancy was begun, the defendant was asked if he would waive the issuance of a warrant, to which he agreed.

Affidavits were offered to substantiate these facts. The defendant offered an affidavit to show that he did not know the meaning of the word "waived," and that, if he actually stated that any of his rights would be waived, he did not know the meaning and effect of his statement.

The Circuit Judge granted the writ and discharged the defendant from further custody, and the State has appealed from said order.

The Circuit Judge held that the defendant was in the Recorder's Court under a warrant charging him with breach

of the peace and not with vagrancy, and that while in said Court he was orally charged with vagrancy and tried without a warrant. He therefore held the trial illegal and the sentence void.

Although the order of the Circuit Judge did not so state, we presume it was based upon Section 930 of the Code of 1932, which provides that all proceedings in criminal cases before magistrates shall be commenced by information under oath; upon Section 7246 of the Code, which provides for the establishment of municipal Courts; and upon Section 960 of the Code, which gives municipal Courts such powers and duties in the trial for violations of ordinances as are conferred on magistrates in criminal cases.

Under these sections of the Code we find no error in the ruling of the Circuit Judge.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.