19767

The STATE, Appellant, v. Coley Dan PRINCE, Respondent

(202 S. E. (2d) 645)

*Messrs. Daniel R. McLeod, Atty. Gen., J. C. Coleman, Dept. Atty. Gen., James C. Harrison, Jr.,* and *Hutson S. Davis, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*Hal Jerome Warlick, Esq.,* of Pickens, *for Respondent,*

February 11, 1974.

BRAILSFORD, Justice:

The defendant was arrested for driving under the influence of intoxicating liquor at 12:45 A.M. Sunday morning, February 4, 1973. He was incarcerated for a time, but was later released after service on him of an Official Summons and Arrest Report requiring him to appear for trial before the trial magistrate at 3:00 P. M. on February 6, 1973. Upon his failure to appear or to request a continuance, he was tried by the magistrate at the appointed time and found guilty as charged. On February 8, he served notice of intention to appeal to the circuit court upon the ground that,

quoting from the circuit order, "requiring his appearance so soon after the alleged offense was too quick and *per se* violated . . . due process of law." The circuit court agreed and granted a new trial, holding that "due process requires, in a case of the seriousness of driving under the influence, at the very least a minimum period for appearance and entry of plea of seven calendar days."

In this respect, due process requires only "ample notice and opportunity to answer and defend the charges." *State v. Brown,* 178 S. C. 294, 182 S. E. 838, 841 (1935). We have no applicable statute, and no rule of law prescribes a particular minimum or maximum time between arrest and trial. 22A C. J. S. Criminal Law § 478, p. 73 (1961). In the absence of a request for a continuance and of any showing that defendant was deprived of a reasonable opportunity to defend against the charge, the court erred in holding that trial on the second day after defendant's arrest and release from incarceration *per se* deprived him of due process of law.

The defendant now raises the point for the first time that the magistrate's court was without jurisdiction of his person because no arrest warrant had been issued. This loses sight of Act No. 353 of 1971 which expressly provides that service of the uniform traffic summons "shall vest all traffic courts with jurisdiction to hear and dispose of the charge for which such ticket was issued and served . . . " See Sec. 46-871. 1962 Code of Laws (Supp. 1971). The authorities relied upon by defendant are inapplicable because they involved trials antedating the 1971 statute.

The defendant's claim that the order appealed from should be related to the circuit court's discretionary right to grant new trials on appeal from judgments of magistrates' courts under Section 7-107, Code of 1962, is without merit, because the order was upon the legal

ground that trial within two days was *per se* a deprivation of due process.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.