22452

The CITY OF GOOSE CREEK, Respondent v. Dean Thomas BRADY, Appellant.

339 S. E. (2d) 509

Supreme Court

*Reese I. Joye.*, of *Joye, Lewis, Bolus & King*, North Charleston, *for appellant.*

*Samuel R. Clawson*, Charleston, *for respondent.*

Submitted Oct. 2, 1985.

Decided Jan. 21, 1986.

*Per Curiam:*

Appellant was charged with driving under the influence (DUI) and driving left of center. The circuit court reversed the municipal court's dismissal of the DUI charge and remanded the case for trial. We affirm the ruling of the circuit court.

When appellant was arrested, he was issued a Uniform Traffic Ticket (UTT) on each charge. The municipal court dismissed the DUI charge on the ground that failure to issue an arrest warrant deprived appellant of the right to be informed of the nature and cause of the accusation against him.

Since this action was commenced by the issuance of a UTT, an arrest warrant was not required under S. C. Code § 22-3-710 (1976). *See State v. Biehl*, 271 S. C. 201, 246 S. E. (2d) 859 (1978). Nor was an arrest warrant or any other judicial determination of probable cause constitutionally required since appellant was not subjected to a significant period of pretrial detention. *See Gerstein v. Pugh*, 420 U. S. 103, 95 S. Ct. 854, 43 L. Ed. (2d) 54 (1975). Therefore, an arrest warrant was unnecessary in this case.

The UTT issued to appellant informed him that he was charged with driving under the influence in violation of S. C. Code § 56-5-2930 (1976). It further informed him of the time, date and place the offense allegedly occurred. In our opinion, this was more than sufficient to adequately inform appellant of the charge against him. U. S. Constitution, Amendments V, XIV; S. C. Constitution, Article I, § 14.

Accordingly, the order of the circuit court is

Affirmed.