724 S.E.2d 182

**Robert M. BAYLY, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 27109.

Supreme Court of South Carolina.

Submitted Jan. 26, 2012.
Decided April 4, 2012.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Matthew J. Friedman, of Columbia, for Petitioner.

David B. Tarr, of Columbia, for Respondent.

Justice BEATTY.

In this Post–Conviction Relief (PCR) case, Robert Bayly was issued a uniform traffic ticket for simple possession of marijuana. Prior to trial, Bayly paid the required fine and did not appear in court on the trial date. Bayly did not appeal his conviction but, instead, filed a PCR application in which he alleged the magistrate court was without subject matter jurisdiction to convict him as no arrest warrant had been issued. The PCR judge granted the petition and vacated Bayly's conviction. This Court granted the State's petition for a writ of certiorari to review the PCR judge's order. We reverse.

## I.

Bayly, a licensed truck driver, was traveling from his home in Delaware to Florida when he was pulled over for speeding in Hampton County, South Carolina. At that time, the officer found marijuana in the glove compartment of Bayly's vehicle. As a result, the officer issued Bayly a uniform traffic ticket for simple possession of marijuana. The ticket noted that Bayly was to appear before a magistrate in Varnville, South Carolina on February 25, 2009 at 10:00 a.m. Bayly, however, mailed in the fine in the amount of $570 and did not appear for trial. The magistrate court judge convicted Bayly in his absence. Bayly did not appeal his conviction.

Two months later, Bayly received a letter from the South Carolina Department of Motor Vehicles stating his license was suspended in South Carolina for six months. Shortly thereafter, Bayly received a letter from the Delaware Division of Motor Vehicles informing him that his license was suspended in Delaware for two years.

Bayly filed a PCR application in which he primarily contended his conviction was void as the magistrate court lacked subject matter jurisdiction to hear his case. During the PCR hearing, Bayly argued that, pursuant to section 22–3–710 of the South Carolina Code,[1] all proceedings in magistrate court must be commenced under issuance of a warrant and under oath. In support of this assertion, Bayly cited *Town of Honea Path v. Wright,* 194 S.C. 461, 9 S.E.2d 924 (1940), wherein this Court interpreted the precursor to section 22–3–710. Based on *Wright,* Bayly claimed that any conviction without the issuance of a warrant was a nullity.

Bayly acknowledged that section 56–7–10,[2] which was enacted in 1971, listed numerous exceptions where the magistrate court is vested with jurisdiction pursuant to a uniform traffic ticket rather than a warrant. However, Bayly pointed out that simple possession of marijuana is not identified within the listed exceptions. Bayly indicated that he believed the uniform traffic ticket was sufficient for an arrest but not sufficient to confer subject matter jurisdiction on the magistrate court.

At the conclusion of the PCR hearing, the judge ruled the magistrate court lacked subject matter jurisdiction to convict Bayly of simple possession of marijuana because no arrest warrant was issued as required under section 22–3–710. The judge noted that section 56–7–10 listed exceptions to this requirement; however, because simple possession of marijuana is not listed as an exception, he found that a warrant was required. Based on *Wright,* the PCR judge found a proceeding in summary court is a nullity if commenced without the issuance of a warrant.

---

1. Section 22–3–710 states, "All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue." S.C.Code Ann. § 22–3–710 (2007).

2. Section 56–7–10 states, "There will be a uniform traffic ticket used by all law enforcement officers in arrests for traffic offenses and for the following additional offenses: [list of offenses]...." S.C.Code Ann. § 56–7–10 (Supp.2010).

The State petitioned this Court for a writ of certiorari to review the PCR judge's order. This Court granted the State's petition.

## II.

### A.

The State argues the PCR judge's reliance on *Wright* was misplaced as this case was decided prior to the existence of uniform traffic tickets and before the enactment of sections 56–7–10 and 56–7–15. The State directs the Court's attention to the following provisions of section 56–7–15:

(A) The uniform traffic ticket, established pursuant to the provisions of Section 56–7–10, may be used by law enforcement officers to arrest a person for an offense committed in the presence of a law enforcement officer if the punishment is within the jurisdiction of magistrates court and municipal court. . . .

(B) An officer who effects an arrest, by use of a uniform traffic ticket, for a violation of Chapter 25, Title 16 shall complete and file an incident report immediately following the issuance of the uniform traffic ticket.

S.C.Code Ann. § 56–7–15 (Supp.2010).

Based on the plain terms of the statute, the State avers that a literal reading of section 56–7–15 provides for the use of a uniform traffic ticket for any offense that falls within the jurisdiction of the magistrate court and is committed in the presence of a law enforcement officer.

The State further asserts that section 56–7–15(B) "broadens the range of offenses in which a uniform traffic ticket may be used in lieu of an arrest warrant." In interpreting this code section, the State contends the General Assembly "clearly anticipated that a uniform traffic ticket could be used for a violation of § 16–25–10 through § 16–25–125 (the criminal domestic violence chapter)." In view of this construction, the State claims that section 56–7–15(B) would be rendered meaningless if the uniform traffic ticket could be used only for a statute listed in section 56–7–10 because "no statute in Chapter 25 of Title 16 is listed there."

## B.

Initially, it is instructive to consider the fundamental principles of subject matter jurisdiction. In *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005), this Court clarified that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *Id.* at 100, 610 S.E.2d at 498. Based on this clarification, we conclusively recognized that an indictment, which is a notice document, does not confer subject matter jurisdiction on a circuit court. *Id.* at 102, 610 S.E.2d at 500. Thus, an arrest warrant, similar to an indictment,[3] does not operate to vest a magistrate or municipal court with subject matter jurisdiction. Instead, the General Assembly establishes the jurisdiction of these courts in a legislative pronouncement.

In terms of magistrate courts, our state Constitution authorizes the General Assembly to provide for their civil and criminal jurisdiction. S.C. Const. art. V, § 26. Pursuant to this authority, the General Assembly enacted Title 22 of the South Carolina Code to establish the jurisdiction of magistrate courts and the proceedings utilized to exercise this jurisdiction. S.C.Code Ann. §§ 22–1–10 to 22–8–50 (2007 & Supp. 2010).

▇ Specifically, section 22–3–540 provides for the general jurisdiction of the magistrate court, stating:

Magistrates shall have exclusive jurisdiction of all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days, except cases in which an offense within the jurisdiction of a magistrate is included in the charge of an offense beyond his jurisdiction or when it is permissible to join a charge of an offense within his jurisdiction with one or more of which the magistrate has no jurisdiction. Magistrates shall have concurrent but not exclusive jurisdiction in the excepted cases. The provisions of this section shall not be construed so as to limit the jurisdiction of any magistrate whose jurisdiction has been extended beyond that stated above.

---

**3.** *See* 5 Am.Jur.2d *Arrest* § 21 (2007) ("The purpose of stating the offense on an arrest warrant is to provide notice to the person being taken into custody of the charges alleged against him or her.").

S.C.Code Ann. § 22–3–540 (2007). A magistrate court's juris-diction, however, is not limited to the provisions of this code section as the last sentence indicates that the General Assem-bly may extend the jurisdiction of the magistrate court beyond what is set forth in section 22–3–540. *See, e.g.,* S.C.Code Ann. § 22–3–550(A) (2007 & Supp.2010) (providing that, in general, magistrates have criminal jurisdiction "of all offenses which may be subject to the penalties of a fine or forfeiture not exceeding five hundred dollars, or imprisonment not exceeding thirty days, or both").

We find section 56–7–10 was enacted to serve a two-fold purpose. First, this code section expands the general jurisdiction of the magistrate court by identifying certain offenses beyond the statutory limits of section 22–3–540. Sec-ondly, section 56–7–10 eliminates the need for an arrest warrant and authorizes the use of a uniform traffic ticket to notify an accused and commence judicial proceedings in the magistrate court. We find that it is not the service of the uniform traffic ticket that confers subject matter jurisdiction to the magistrate but, rather, the General Assembly's pur-poseful identification of certain offenses for which the magis-trate is authorized to hear.

Thus, in accord with our pronouncement in *Gentry,* we find that neither a uniform traffic ticket nor an arrest warrant operates to confer subject matter jurisdiction on the magis-trate court. Conversely, the absence of a uniform traffic ticket or arrest warrant does not render a magistrate's court conviction a nullity.

Based on the foregoing, we disagree with the PCR judge's reliance on *Wright* as the lack of a warrant under section 22–3–710 does not negate the jurisdiction of the magis-trate court.[4] As will be discussed, we find the reasoning in *Wright* is flawed and has been implicitly overruled by subse-quent decisions issued by this Court.

In *Wright,* which was decided in 1940 prior to the enactment of sections 56–7–10 and 56–7–15, the defendant was convicted

---

4. Furthermore, it is of some import that section 22–3–710 is contained within the "Criminal Procedure" section of Title 22 and not the "Crimi-nal Jurisdiction" section.

before the Mayor's Court in the Town of Honea Path of driving under the influence. *Wright,* 194 S.C. at 463, 9 S.E.2d at 925. The defendant appealed, arguing his conviction was a nullity because no warrant was issued setting forth the nature and grounds of the accusations against him. *Id.* at 466, 9 S.E.2d at 926. In response, the Town contended it was not necessary to issue a warrant in a municipal court where the arrest was made for an offense committed in the presence and view of police officers. *Id.*

Analyzing the precursor to section 22–3–710, this Court rejected the Town's contention and reasoned:

> There is a marked difference between the arrest of an offender by an officer without a warrant, and proceedings before a magistrate which include formal charges supported by oath, bail, and trial. Nor does the provision in Section 930, to the effect that proceedings before magistrates shall be summary, dispense with the very process which gives them jurisdiction. Without doubt, the administration of the law, and the rights of persons charged with crime can best be served by a due observance of statutory requirements. It is the constitutional right of a person charged with a criminal offense to be fully informed of the nature and cause of the accusation. Article I, Section 18 of the Constitution. When a warrant is issued, substantially setting forth the offense, and the verdict of the jury, or that of the magistrate, is endorsed thereon, this paper becomes original evidence, and prevents any possibility of the prisoner being again tried for the same offense. And this was no doubt one of the reasons which moved the Legislature to require that all prosecutions be commenced by the issuance of a warrant. And because the rights of the accused are not only of interest to him, but concern the state, the statutory requirement may not be waived.

*Id.* at 468–69, 9 S.E.2d at 927.[5]

Thirteen years later, this Court recognized the flawed analysis in *Wright* when it issued its opinion in *State v. Langford,*

---

5. Notably, the Court in reaching its decision relied primarily on the case of *State v. Praser,* 173 S.C. 284, 175 S.E. 551 (1934), wherein the defendant was convicted in municipal court for breach of the peace and vagrancy. On appeal, this Court vacated the defendant's conviction for

223 S.C. 20, 73 S.E.2d 854 (1953), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). In *Langford,* the defendant was arrested without a warrant for DUI after the alleged offense was committed in view of the arresting officers. *Id.* at 23, 73 S.E.2d at 855. The defendant was released on bond. When the defendant failed to appear before the municipal court, the defendant's bond was forfeited and the violation was reported to the State Highway Department. Approximately three years later, the defendant was arrested and charged as a second offender. *Id.* at 24, 73 S.E.2d at 855. During the trial of this offense, the defendant moved for a directed verdict on the grounds the first offense was a nullity as the municipal court did not have jurisdiction and there had never been a lawful forfeiture of bail to constitute a first offense. *Id.* After the trial judge granted the defendant's motion, the State appealed. *Id.*

The primary issue on appeal involved the question of whether there can be a valid forfeiture of bail where no arrest warrant had been issued. This Court, however, also discussed the jurisdictional implications of the precursor to section 22–3–710. *Id.* at 26, 73 S.E.2d at 856–57. In prefacing its discussion, this Court noted the distinction between subject matter jurisdiction and jurisdiction over the person. *Id.* In doing so, this Court expressed its disagreement with the holdings in *Wright* and *Praser.*

Although this Court acknowledged that it was not "called upon now to pass upon the legality of the trial and conviction of an accused without a warrant," it nevertheless espoused the following:

There is no constitutional requirement in this State that criminal prosecutions in inferior courts shall be commenced by the issuance of a warrant. The provision in Section 930 of the 1942 Code that all proceedings in such courts 'shall be commenced on information under oath * * * upon which,

vagrancy on the ground that no warrant had been issued for this offense as the defendant was orally charged during the proceedings for the breach of the peace offense. *Id.* at 286, 175 S.E. at 551. We believe *Praser* should not have served as the basis for the *Wright* decision due to the significant factual differences. Unlike the defendant in *Praser,* Wright was on notice of the charged offense as he was apprised of the DUI charge at the time the officers arrested him.

and only which, shall a warrant of arrest issue', cannot reasonably be construed as forbidding any steps in the judicial process until an information under oath is filed.

*Id.* at 31, 73 S.E.2d at 859.

Two decades later, this Court issued a series of opinions that appear to implicitly overrule the *Wright* decision. *See State v. Prince,* 262 S.C. 89, 91, 202 S.E.2d 645, 646 (1974) (analyzing precursor to section 56–7–10 and rejecting defendant's contention that the magistrate court was without jurisdiction of his person to hear DUI case because no arrest warrant had been issued as the statute "expressly provides that service of the uniform traffic summons 'shall vest all traffic courts with jurisdiction to hear and dispose of the charge for which such ticket was issued and served' "; finding authorities relied upon by defendant were inapplicable "because they involved trials antedating the 1971 statute"); *State v. Fennell,* 263 S.C. 216, 220, 209 S.E.2d 433, 434 (1974) (citing *Praser, Wright,* and *Langford* and stating "[t]he issuance of either a uniform traffic ticket *or* a warrant charging the respondent with the offense of reckless driving was necessary to give the magistrate jurisdiction to dispose of that particular offense" (emphasis added)); *State v. Biehl,* 271 S.C. 201, 203, 246 S.E.2d 859, 860 (1978) (recognizing that section 56–7–10 "does not repeal [section] 22–3–710 . . . [i]t merely provides a method of acquiring jurisdiction in traffic cases tried in 'all traffic courts' "; finding issuance of a uniform traffic ticket vests jurisdiction in the traffic court to hear a case involving an offense which the officer, who issued the summons, did not actually see, and, "[t]he issuance of the uniform traffic ticket merely summons the accused person to appear before a magistrate, where he may submit any contention relative to the preservation of his rights"); *see also City of Goose Creek v. Brady,* 288 S.C. 20, 21, 339 S.E.2d 509, 510 (1986) (citing *Biehl* and finding issuance of a uniform traffic ticket was sufficient and an arrest warrant unnecessary under section 22–3–710 in order to charge and try defendant in municipal court with DUI and driving left of center; recognizing that a uniform traffic ticket complied with constitutional mandates where it apprised the defendant of the charge as well as the time, date, and place the offense allegedly occurred).

In 1990, the General Assembly enacted section 56–7–15, which specifically references section 56–7–10, to expand the list of offenses for which a uniform traffic ticket may be used to arrest a person and to authorize the magistrate court to hear these offenses. This enactment, however, did not operate to increase the subject matter jurisdiction of the magistrate court as the punishment for the offense for which the traffic ticket is issued must be "within the jurisdiction of magistrates court and municipal court." *Id.* § 56–7–15(A).

Based on the above-outlined case and statutory evolution, we find the PCR judge's reliance on *Wright* was erroneous as was his ultimate decision to vacate Bayly's conviction. Section 56–7–15 authorized the officer to issue a uniform traffic ticket for simple possession of marijuana as this offense was committed in his presence and the punishment for this offense fell within the purview of the magistrate court. Specifically, simple possession of marijuana is classified as a misdemeanor that is punishable by not more than thirty days' imprisonment or a fine not less than $100 or more than $200. S.C.Code Ann. § 44–53–370(d)(4) (Supp.2010). As previously stated, section 22–3–540 provides for magistrate courts to have exclusive jurisdiction of all criminal cases in which punishment does not exceed a fine of $100 or imprisonment for thirty days and section 22–3–550(A) increases the amount of the maximum fine to $500. Thus, we find no procedural or jurisdictional defects that operated to invalidate Bayly's conviction.

### III.

Accordingly, we reverse the PCR judge's order as it was controlled by an error of law. *See Bailey v. State,* 392 S.C. 422, 709 S.E.2d 671 (2011) (recognizing that this Court will reverse the decision of the PCR judge when it is controlled by an error of law).

**REVERSED.**[6]

TOAL, C.J., KITTREDGE and HEARN, JJ., concur.
PLEICONES, J., concurring in a separate opinion.

---

**6.** Justice Pleicones disagrees with our reliance on *State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005) in analyzing the question regarding

Justice PLEICONES.

I concur in result but write separately because I would not employ the reasoning of *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005), in determining this case, as I believe it inapposite. I believe the Constitution and statutory law govern.

Use of a uniform traffic ticket is authorized for offenses "committed in the presence of a law enforcement officer if the punishment is within the jurisdiction of magistrates court and municipal court." S.C.Code Ann. § 56-7-15(A) (Supp.2011). The jurisdiction of magistrates court is limited to those offenses subject to fines or forfeitures not exceeding five hundred dollars, imprisonment not exceeding thirty days, or both. S.C.Code Ann. § 22-3-550(A) (Supp.2011). Thus, a uniform traffic ticket may be issued for any offense that is both committed in the presence of a law enforcement officer and subject to a maximum penalty of no more than thirty days' imprisonment and a five hundred dollar fine.

In this case, a traffic ticket was issued for simple possession of marijuana when the law enforcement officer discovered the marijuana in respondent's constructive possession. The offense was thus committed in the presence of a law enforcement officer. As the majority recognizes, the maximum penalty for conviction under § 44-53-370(d)(4) for possession of one ounce or less of marijuana is thirty days' imprisonment and a

---

subject matter jurisdiction. He opines that *Gentry* is inapposite because *Gentry* merely concerned the appropriate time to raise a challenge to the sufficiency of an indictment. He is correct that *Gentry* reiterates that the insufficiency of an indictment must be raised prior to the swearing of the jury. However, he overlooks the fact that the primary issue in *Gentry* was a challenge to the subject matter jurisdiction of the circuit court. Specifically, the subject matter jurisdiction challenge was based on an alleged insufficiency in the indictment, not the timeliness of the challenge to the insufficiency in the indictment. Justice Pleicones acknowledged this fact when he authored the opinion in *State v. Dudley*, 364 S.C. 578, 614 S.E.2d 623 (2005), wherein he relied almost exclusively on *Gentry* to find that extraterritorial jurisdiction is not a component of subject matter jurisdiction. Indisputably, *Gentry* is the seminal case in our jurisprudence that deals in concert with subject matter jurisdiction and the sufficiency of an indictment. We would note that, aside from his disagreement with the import of *Gentry*, the concurrence merely restates the majority opinion.

fine of $200. Thus, issuance of a uniform traffic ticket was permissible under §§ 56–7–15(A) and 22–3–550(A).

A magistrates court has jurisdiction over offenses for which valid arrest warrants have issued pursuant to S.C.Code Ann. § 22–3–710. A uniform traffic ticket may substitute for the arrest warrant pursuant to S.C.Code Ann. § 56–7–10 (Supp. 2011) ("The service of the uniform traffic ticket shall vest all traffic, recorders' and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served."). As noted above, § 56–7–15(A) allows the use of uniform traffic tickets in lieu of the arrest warrant required under § 22–3–710. *See also* S.C. Const. art. V, § 26 ("The General Assembly shall provide for [magistrates'] terms of office and their civil and criminal jurisdiction."). Thus, a properly issued uniform traffic ticket vests magistrates court with jurisdiction to hear and dispose of the related charge, and I agree with the majority that the magistrates court had jurisdiction to hear and dispose of the offense in this case.

I disagree that the General Assembly's grant of general subject matter jurisdiction in §§ 22–3–540 and 22–3–550 is sufficient to confer the authority to exercise jurisdiction in the face of the requirements of §§ 22–3–710, 56–7–10, and 56–7–15(A).

The majority cites *State v. Gentry, supra,* for the proposition that an indictment is not necessary to confer subject matter jurisdiction on a circuit court; by analogy, neither an arrest warrant nor a uniform traffic ticket is necessary to vest a magistrates court with jurisdiction. Recently this Court, in rejecting a subject matter jurisdiction argument, clarified that "*Gentry* merely held that a defendant must challenge an indictment prior to the swearing of the jury. Because the sufficiency of the indictment is not at issue here, *Gentry* is inapposite." *State v. Dickerson,* 395 S.C. 101, 120, 716 S.E.2d 895, 905–06 (2011). Since we have no challenge to the sufficiency of the uniform traffic ticket here, *Gentry* is inapposite. Moreover, the General Assembly provided for indictment or waiver. *See* S.C.Code Ann. § 17–23–130 (2003). It has not chosen to provide for a defendant's ability to waive the warrant or ticket. *See Town of Honea Path v. Wright,* 194 S.C. 461, 9 S.E.2d 924 (1940). Whether couched as an issue of

subject matter jurisdiction or as the court's jurisdiction, I believe a magistrates court conviction obtained without one of the specified charging documents is a nullity. *Id.*

I therefore concur only in the result reached by the majority.