727 S.E.2d 429

**The STATE, Appellant,**

v.

**James Ervin RAMSEY, Respondent.**

**No. 4983.**

Court of Appeals of South Carolina.

Heard March 27, 2012.

Decided June 6, 2012.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Christina J. Catoe, Assistant Attorney General Curtis A. Pauling, III, all of Columbia, for Appellant.

Christopher A. Wellborn, Christopher A. Wellborn, P.A., of Rock Hill, for Respondent.

FEW, C.J.

This appeal involves the circumstances in which the State may use a uniform traffic ticket to commence judicial proceedings in the magistrate court on a charge of criminal domestic violence, first offense (CDV). We hold that the ticket officers issued to James Ramsey for CDV did not commence judicial proceedings. We affirm the dismissal of the charge.

## I. Facts and Procedural History

On February 18, 2006, officers responded to a call from Ramsey's estranged wife and arrested him for burglary and CDV. The officers issued Ramsey a uniform traffic ticket for the CDV. They did not seek an arrest warrant on that charge.

The circuit court held a preliminary hearing on the burglary charge. Finding a lack of probable cause, the court dismissed

the burglary and remanded the CDV to the magistrate court. Ramsey then made a motion to dismiss the CDV for lack of probable cause. The magistrate granted the motion, and the circuit court affirmed. The supreme court reversed and remanded, holding magistrates may not conduct preliminary hearings in cases within their trial jurisdiction. *State v. Ramsey*, 381 S.C. 375, 377–78, 673 S.E.2d 428, 429 (2009).

On remand, Ramsey made another motion to dismiss. He argued his case was not properly before the magistrate court because service of the ticket on him did not commence proceedings in that court. The magistrate granted the motion, holding service of a uniform traffic ticket for CDV first offense does not commence proceedings in the magistrate court if an officer did not see the offense being committed.

The circuit court affirmed on a different ground. It held that with the exception of offenses listed in section 56–7–10 of the South Carolina Code, proceedings do not begin in magistrate court until an arrest warrant is issued and served. Because CDV is not listed in that section and an arrest warrant was not issued for the charge, the circuit court concluded the magistrate properly dismissed the case.

## II. Commencement of Proceedings in Magistrate Court

■ Section 22–3–710 of the South Carolina Code (2007) provides "[a]ll proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue." Under this section, and subject to exceptions we will discuss, the State may not commence judicial proceedings in the magistrate court without first obtaining an arrest warrant. *See Bayly v. State*, 397 S.C. 290, 294–97, 724 S.E.2d 182, 184–85 (2012) (discussing section 56–7–10's elimination in limited circumstances of the requirement for an arrest warrant in order to commence judicial proceedings in the magistrate court); *State v. Fennell*, 263 S.C. 216, 220, 209 S.E.2d 433, 434 (1974) (finding it necessary to have an arrest warrant to commence judicial proceedings in the magistrate court unless an exception applied); *State v. Praser*, 173 S.C. 284, 286, 175 S.E. 551, 551 (1934) (affirming the issuance of a writ of habeas

corpus on the basis that, under the precursor to section 22–3–710, the municipal court had no power to hear a case as to which no arrest warrant was issued).

■ In 1971, the Legislature created an exception to the warrant requirement of section 22–3–710. Under what is now codified as section 56–7–10, law enforcement officers may use a uniform traffic ticket in arrests for "traffic offenses" and offenses listed in the section. S.C.Code Ann. § 56–7–10 (Supp.2011). The section goes on to provide: "The service of the uniform traffic ticket shall vest all traffic, recorders', and magistrates' courts with jurisdiction[1] to hear and to dispose of the charge for which the ticket was issued and served." *Id.* Through these provisions, section 56–7–10 "eliminates the need for an arrest warrant and authorizes the use of a uniform traffic ticket to notify an accused and commence judicial proceedings in the magistrate court." *Bayly*, 397 S.C. at 296, 724 S.E.2d at 184–85. Therefore, if the offense is a traffic offense or is listed in section 56–7–10, an officer may make an arrest with a uniform traffic ticket, and the State may proceed to trial in the magistrate court without an arrest warrant. *Id.*

In 1990, the Legislature enacted section 56–7–15, which provides that the uniform traffic ticket "may be used by law enforcement officers to arrest a person for an offense committed in the presence of a law enforcement officer if the punishment is within the jurisdiction[2] of magistrates court...." S.C.Code Ann. § 56–7–15(A) (Supp.2011). This subsection "specifically references section 56–7–10, to expand the list of offenses for which a uniform traffic ticket may be used to arrest a person" and to commence proceedings in magistrate court. *Bayly*, 397 S.C. at 300, 724 S.E.2d at 186. Thus, if

---

1. The term "jurisdiction" in this section does not refer to a court's subject matter jurisdiction, "which is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005). Rather, it refers to the fact that, as to appropriate charges, the section authorizes the use of a uniform traffic ticket to notify an accused and commence judicial proceedings in the magistrate court.

2. In this section, "jurisdiction" refers to the subject matter jurisdiction of the magistrate court. *See Bayly*, 397 S.C. at 300, 724 S.E.2d at 186 (stating the enactment of section 56–7–15 "did not operate to increase the subject matter jurisdiction of the magistrate court").

subsection 56–7–15(A) applies to an offense, the State may proceed to trial in the magistrate court using a uniform traffic ticket instead of an arrest warrant. 397 S.C. at 300, 724 S.E.2d at 186–87.

 Under sections 56–7–10 and 56–7–15, therefore, there are three categories of offenses for which the State may use a uniform traffic ticket instead of an arrest warrant to commence proceedings in the magistrate court: (1) traffic offenses; (2) offenses specifically listed in section 56–7–10; and (3) offenses within the subject matter jurisdiction of the magistrate court that are committed in the presence of a law enforcement officer.

### III. Subsection 56–7–15(A) Does Not Apply to the Offense in this Case

The issue in this case is whether Ramsey's alleged offense fits within the third category.[3] In other words, because the State did not obtain an arrest warrant, it may not proceed to trial in Ramsey's case unless we determine that despite the language in subsection 56–7–15(A) limiting its application to offenses "committed in the presence of a law enforcement officer," and despite the fact that no officer was present when the CDV occurred, the State may use a uniform traffic ticket to formally charge Ramsey with CDV. We find the State did not properly commence judicial proceedings in this case because subsection 56–7–15(A) does not apply to Ramsey's alleged offense.

 The subsection does not apply because the offense was not committed in the presence of a law enforcement officer. Ramsey's estranged wife called 911 to report that Ramsey had broken into her apartment. Ramsey is accused of injuring her hand in an effort to take the phone from her during the 911 call. As the State concedes, no officer was present when any of this happened. The officers did not arrive at Mrs. Ramsey's apartment until eleven minutes after she called 911. Therefore, the alleged offense does not fit into the third category of exceptions, and the State cannot use the ticket to

---

3. The magistrate court has subject matter jurisdiction over criminal domestic violence, first offense. S.C.Code Ann. § 16–25–20(B)(1) (Supp.2011). The issue before us therefore involves only the "committed in the presence" requirement of subsection 56–7–15(A).

commence proceedings in the magistrate court. Because the State never sought an arrest warrant, and because the use of a uniform traffic ticket to commence proceedings was not authorized under sections 56–7–10 or 56–7–15, the magistrate could not hear the case.

## IV. The State's Arguments

■ The State makes several arguments in support of its position that the ticket served on Ramsey did commence proceedings in the magistrate court. First, the State argues that the offense was "freshly committed" when the officers arrived, and that a freshly committed offense was committed in the officer's presence. We agree the offense was freshly committed. We disagree, however, that a freshly committed offense is committed in an officer's presence.

The State's argument is based on a series of decisions in which our appellate courts held that an officer may make a warrantless arrest for an offense not committed in the officer's presence if the offense was "freshly committed" when the officer arrived on the scene. For example, in *State v. Martin*, 275 S.C. 141, 143, 268 S.E.2d 105, 106 (1980), the supreme court stated, "while generally an officer cannot arrest, without a warrant, for a misdemeanor not committed in his presence, an officer can arrest for a misdemeanor when the facts and circumstances *observed by the officer* give him probable cause to believe that a crime has been freshly committed." 275 S.C. at 145–46, 268 S.E.2d at 107.

Relying on *Martin*, the State argues an officer's observation of the aftermath of a freshly committed offense satisfies the "in the presence" requirement of subsection 56–7–15(A). The State is incorrect in arguing the reasoning of *Martin* applies to this case. *Martin* actually illustrates that offenses committed in an officer's presence and "freshly committed" offenses are distinct concepts, such that an offense is "freshly committed" only if it is not committed "in the presence of a law enforcement officer." The State's argument, however, equates these concepts. Such a position is contrary to *Martin*, and to the Legislature's treatment of these concepts in other statutes. *See* S.C.Code Ann. § 16–25–70(A)–(B) (Supp. 2011) (permitting an officer to arrest a suspect upon probable

cause to believe the suspect "is committing *or* has freshly committed" a criminal domestic violence offense (emphasis added)); § 23–1–212(B)(3) (2007) (permitting a federal law enforcement officer to enforce state criminal laws either when the crime is "committed in the federal law enforcement officer's presence *or* under circumstances indicating a crime has been freshly committed" (emphasis added)). Therefore, we reject the State's argument.

■ Second, the State argues the application of several rules of statutory construction indicates the Legislature intended that subsection 56–7–15(A) would authorize the use of a uniform traffic ticket to commence judicial proceedings even when an offense was not committed in the officer's presence. We find the principle of statutory construction that penal statutes are to be strictly construed against the State defeats the State's argument. *See Town of Mt. Pleasant v. Roberts,* 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011) ("When a statute is penal in nature, it must be strictly construed against the State and in favor of the defendant.").

■ Third, the State argues the supreme court already addressed the issue before us in the first appeal of this case. We disagree. The first appeal involved only the question of whether the magistrate had the power to hold a probable cause hearing on Ramsey's CDV charge. *See Ramsey,* 381 S.C. at 376, 673 S.E.2d at 428. We have reviewed the briefs and record from *Ramsey,* and the applicability of subsection 56–7–15(A) is not mentioned by either party or by the lower courts. We believe the supreme court's statement that Ramsey's "CDV charge was within the magistrate's jurisdiction," 381 S.C. at 377, 673 S.E.2d at 429, was a comment that the magistrate court has subject matter jurisdiction over the type of offense with which Ramsey was charged, not a case-specific determination that the ticket served on Ramsey commenced proceedings in the magistrate court.

The State's remaining arguments are not preserved, and therefore we do not address them. *See State v. Sheppard,* 391 S.C. 415, 423, 706 S.E.2d 16, 20 (2011) ("Our law is clear tha[t] an issue may not be raised for the first time on appeal.").

## V. Conclusion

Section 56–7–15(A) does not authorize the use of a uniform traffic ticket to commence judicial proceedings in the magistrate court unless the offense charged was "committed in the presence of a law enforcement officer." Because officers arrived on the scene after the alleged CDV ended, the service of the uniform traffic ticket on Ramsey did not commence judicial proceedings, and the magistrate court properly dismissed the charge. The decision of the circuit court to affirm the magistrate court is

**AFFIRMED.**

HUFF and SHORT, JJ., concur.