**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

John Dalen, Appellant,

v.

The State, Respondent.

Appellate Case No. 2018-000637

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2020-UP-323
Submitted November 1, 2020 – Filed December 2, 2020

**AFFIRMED**

John Dalen, of Westminster, pro se.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David Rhys Wagner, Jr., of Anderson, all for Respondent.

**PER CURIAM:** John Dalen appeals the circuit court's orders affirming his conviction for driving without a license and denying his motion for a new trial. On appeal, Dalen argues (1) the magistrate erred in proceeding with trial after he challenged the court's jurisdiction, (2) the magistrate and circuit courts erred in

ignoring his constitutional challenges to S.C. Code Ann. § 56-1-20 (2018), (3) the proceedings before the magistrate and circuit courts violated his due process rights, and (4) the magistrate and circuit courts violated his First Amendment rights. We affirm.

1. The magistrate court did not err in proceeding with trial because it had subject matter and personal jurisdiction, and a uniform traffic ticket is a valid charging instrument. First, the magistrate court had subject matter jurisdiction over the case. *See State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005) ("[S]ubject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong . . . ."); S.C. Const. art. V, § 26 ("The General Assembly shall provide for [a magistrate's] term[] of office and [its] civil and criminal jurisdiction."); S.C. Code Ann. § 22-3-520 (2007) ("Magistrates shall have and exercise within their respective counties all the powers, authority and jurisdiction in criminal cases herein set forth."); S.C. Code Ann. § 22-3-540 (2007) (providing magistrates with exclusive jurisdiction "of all criminal cases in which the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days"); S.C. Code Ann. § 22-3-550(A) (2007) (providing magistrates with jurisdiction over "all offenses which may be subject to the penalties of a fine or forfeiture not exceeding five hundred dollars, or imprisonment not exceeding thirty days, or both"); *Bayly v. State*, 397 S.C. 290, 300, 724 S.E.2d 182, 187 (2012) (stating "section 22-3-540 provides for magistrate courts to have exclusive jurisdiction of all criminal cases in which punishment does not exceed a fine of $100 or imprisonment for thirty days and section 22-3-550(A) increases the amount of the maximum fine to $500").

Second, the magistrate court had personal jurisdiction over Dalen because Dalen's uniform traffic ticket stated the violation occurred in Oconee County and the magistrate court conducted the trial in Oconee County. *See State v. Crocker*, 366 S.C. 394, 402, 621 S.E.2d 890, 894 (Ct. App. 2005) (stating personal jurisdiction "in a criminal case lies in the state or county where the crime was committed").

Third, a uniform traffic ticket is a proper charging instrument, and Dalen's ticket was supported by probable cause. *See* § S.C. Code Ann. § 56-7-10(A) (Supp. 2019) (stating a uniform traffic ticket will be used by police in arrests for traffic offenses and additional offenses); S.C. Code Ann. § 56-7-10(C) (2018) ("The service of the uniform traffic ticket shall vest all traffic, recorders', and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served."); *State v. Ramsey*, 398 S.C. 275, 279, 727 S.E.2d 429, 431 (Ct. App. 2012) (stating section 56-7-10 "'eliminates the need for an arrest warrant

and authorizes the use of a uniform traffic ticket to notify an accused and commence judicial proceedings in the magistrate court'" (quoting *Bayly*, 397 S.C. at 296, 724 S.E.2d at 185-84)), *aff'd*, 409 S.C. 206, 762 S.E.2d 15 (2014); *id*. ("[I]f the offense is a traffic offense or is listed in section 56-7-10, an officer may make an arrest with a uniform traffic ticket, and the State may proceed to trial in the magistrate court without an arrest warrant.").

2.  The magistrate and circuit courts did not ignore Dalen's challenge to the constitutionality of section 56-1-20 as applied to him.  Section 56-1-20 applies to all persons driving on the public roads in South Carolina, not just individuals engaged in commercial activities.  *See* § 56-1-20 ("No person, except those expressly exempted in this article shall drive any motor vehicle upon a highway in this State unless such person has a valid motor vehicle driver's license issued to him under the provisions of this article."); S.C. Code Ann. § 56-1-10(22) (Supp. 2019) (defining person as "every natural person"); S.C. Code Ann. § 56-1-10(7) (Supp. 2019) (defining motor vehicle as "every vehicle which is self-propelled and every vehicle which is propelled by electronic power obtained from overhead trolley wires but not operated upon rails").  Further, although Dalen has a constitutional right to travel, this right does not encompass the right to drive without a license.  Rather, the State has the authority under its police powers to regulate drivers in the interest of public safety and welfare, and this regulation does not impede the right to travel.  *See United States v. Guest*, 383 U.S. 745, 758 (1966) ("[F]reedom to travel throughout the United States has long been recognized as a basic right under the Constitution."); *S.C. State Highway Dep't v. Harbin*, 226 S.C. 585, 595, 597-98, 86 S.E.2d 466, 470, 472 (1955) ("A license to operate a motor vehicle is not a property right but a mere privilege which is subject to reasonable regulations under the police power in the interest of public safety and welfare. . . .  There can be no doubt that the Legislature, which under its police power has full authority in the interest of public safety to prescribe conditions under which the privilege to operate a motor vehicle may be granted and upon which such privilege will be revoked, may make the violation of traffic regulations, or other cause having to do with public safety, the basis for the revocation or suspension of a driver's license . . . ."); *Hendrick v. Maryland*, 235 U.S. 610, 622 (1915) ("[A state] may require the registration of such vehicles and the licensing of their drivers . . . .  This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety and comfort of their citizens . . . ."); *Att'y Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 903 (1986) ("A state law implicates the right to travel when it actually deters such travel, . . . when impeding travel is its primary objective, . . . or when it uses 'any classification which services to penalize the

exercise of that right.'" (quoting *Dunn v. Blumstein*, 405 U.S. 330, 340 (1972)));
*Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (recognizing the court had
previously "held that burdens on a single mode of transportation [did] not implicate
the right to interstate travel" and finding Miller did not have a fundamental right to
drive).

3.  Dalen's due process rights were not violated by the State's failure to allege and
prove he was engaged in transportation because section 56-1-20 only requires the
State to prove (1) a person; (2) drove a motor vehicle; (3) on a public highway in
South Carolina; (4) without a driver's license.  The testimony at trial showed Dalen
drove his van on a public highway to a license checkpoint in Oconee County
without a valid South Carolina driver's license.  *See* § 56-1-20 ("No person, except
those expressly exempted in this article, shall drive any motor vehicle upon a
highway in this State unless such person has a valid motor vehicle driver's license
issued to him under the provisions of this article."); S.C. Code Ann. § 56-1-440
(2018) (stating a person is guilty of a misdemeanor when he or she "drives a motor
vehicle on a public highway of this State without a driver's license in violation of
[s]ection 56-1-20"); § 56-1-10(7) (defining a motor vehicle as "every vehicle
which is self-propelled and every vehicle which is propelled by electronic power
obtained from overheard trolley wires but not operated upon rails"); § 56-1-10(22)
(defining a person as "every natural person").

4.  Dalen's argument that his First Amendment rights were violated is not
preserved for review because Dalen did not raise this issue to the magistrate court
or obtain a ruling.  *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732
(2004) ("In order to preserve an issue for appeal, it must be raised to and ruled
upon by the [magistrate] court. . . .  In other words, the [magistrate] court must be
given an opportunity to resolve the issue before it is presented to the appellate
court."); *State v. Gault*, 375 S.C. 570, 573-74, 654 S.E.2d 98, 100 (Ct. App. 2007)
(finding the defendant's argument that his directed verdict motion was improperly
denied based on the First Amendment was not preserved for review because the
defendant did not raise the specific argument to the magistrate at trial); *In re
Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional
issues, like most others, must be raised to and ruled upon by the trial court to be
preserved for appeal.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, HILL, and HEWITT, JJ., concur.**