# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Emily Major, Appellant,

v.

James Major, Respondent.

Appellate Case No. 2024-001566

———————

Appeal from Richland County
Kristi F. Curtis, Circuit Court Judge

———————

Opinion No. 6145
Heard December 11, 2025 – Filed May 13, 2026

———————

## REVERSED AND REMANDED

———————

Brett Lamb Stevens, of Columbia, for Appellant.

Michael Vincent Laubshire, of The Laubshire Law Firm, LLC, of Columbia, for Respondent.

Lisa Vollendorf Martin and Marie Kathryn Maness, both of Columbia, for Amicus Curiae University of South Carolina Joseph F. Rice School of Law Domestic Violence Clinic.

Elnora Jones Dean, of Columbia, for Amicus Curiae Sistercare.

Sarah Anne Ford and Rebekah Hiatt, both of Columbia; and Tamika D. Cannon, of Greer, all for Amicus Curiae South Carolina Victim Assistance Network.

Krystal Lynette Watson and Nathaniel Paul Molle, both of Spartanburg, for Amicus Curiae Project R.E.S.T.

---

**GEATHERS, J.:**  Appellant Emily Major (Wife) appeals the circuit court's order affirming the magistrate court's order dismissing her complaint and motion for a restraining order.  Wife argues the circuit court erred by finding the family court had exclusive subject matter jurisdiction over her case.  We reverse the circuit court's order and remand the case to the magistrate court for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

In May 2023, Wife sought a restraining order in magistrate court against Respondent James Major (Husband) for stalking and harassment pursuant to section 16-3-1750 of the South Carolina Code (2015) (the Harassment and Stalking Statute).  Husband and Wife had a pending divorce action in the family court at the time Wife sought the restraining order.[1]

In her complaint and motion for a restraining order, Wife alleged that she received unwanted gifts, emails, and letters from Husband on a daily basis; some communications included sexual assault threats toward Wife and threats of suicide.  Wife also noted that her apartment complex issued a no trespass order against Husband after Husband assaulted one of Wife's neighbors.  Wife expressed fear for herself and her child's safety.

---

[1] Wife and Husband separated in March 2021 after two years of marriage.  The parties have one minor child, and Wife is the primary caregiver of the child.

Following a hearing, in June 2023, the magistrate court dismissed Wife's request for a restraining order as a "[f]amily [c]ourt matter," effectively finding it did not have subject matter jurisdiction to hear the case.[2]

Wife appealed to the circuit court, which affirmed the magistrate court's dismissal. The circuit court held that the magistrate court correctly determined that, because Wife and Husband were married, the family court had exclusive subject matter jurisdiction over Wife's request for a restraining order pursuant to the Protection from Domestic Abuse Act.[3] The circuit court did not make any findings about Husband's alleged conduct. Wife filed a petition for rehearing, which the circuit court denied. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err by holding the family court had exclusive subject matter jurisdiction over Wife's request for a restraining order?

## STANDARD OF REVIEW

The subject matter jurisdiction of a court and the proper interpretation of a statute are both questions of law. *Seels v. Smalls*, 437 S.C. 167, 172, 877 S.E.2d 351, 353–54 (2022). "Questions of law involving subject matter jurisdiction and statutory interpretation are reviewed de novo, without deference to the lower courts." *Id.* at 172, 877 S.E.2d at 354.

## LAW AND ANALYSIS

---

[2] After the magistrate court hearing, the Richland County Sheriff's Office arrested Husband for stalking and second-degree harassment based on the allegations in Wife's request for a restraining order; those charges are still pending in Richland County. Husband is subject to a bond restriction for the stalking and harassment charges to avoid any contact with Wife. In light of the criminal charges against Husband, Wife filed an amended complaint to the divorce action. At the temporary hearing for the divorce action, the family court issued an order providing temporary legal and physical custody of the minor child to Wife, granting supervised visitation to Husband, and requiring Husband to pay child support.

[3] S.C. Code Ann. §§ 20-4-10 to -160 (2014 & Supp. 2025).

Wife argues that the Harassment and Stalking Statute gives magistrate courts subject matter jurisdiction to hear requests for a restraining order regardless of the marital status between the parties.[4]  We agree.

"Subject matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong."  *Seels*, 437 S.C. at 171, 877 S.E.2d at 353 (quoting *Majors v. S.C. Sec. Comm'n*, 373 S.C. 153, 159, 644 S.E.2d 710, 713 (2007)).  In other words, subject matter jurisdiction "refers to a court's constitutional or statutory power to adjudicate a case." *Kosciusko v. Parham*, 428 S.C. 481, 492, 836 S.E.2d 362, 368 (Ct. App. 2019) (quoting *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007)).  "Lack of subject matter jurisdiction may be raised at any time[] and may be raised for the first time on appeal." *Gantt v. Selph*, 423 S.C. 333, 338, 814 S.E.2d 523, 525–26 (2018).

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature."  *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).  "Provisions should be given a reasonable construction, consistent with the purpose and policy of the [a]ct." *Jackson v. Charleston Cnty. Sch. Dist.*, 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994).  "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581.  "Where the statute's language is plain and

---

[4] We recognize Husband is subject to a bond restriction for the stalking and harassment charges to avoid contact with Wife, which raises concerns about mootness. *See Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy.").  However, the allegations and potential harm raised in Wife's request for a restraining order are capable of repetition yet evading review. *See S.C. Pub. Int. Found. v. S.C. Dep't of Transp.*, 421 S.C. 110, 121, 804 S.E.2d 854, 860 (2017) (explaining that "if the issue raised is capable of repetition but generally will evade review, the appellate court can take jurisdiction" (quoting *Sloan v. Greenville County*, 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009))).  Restraining orders are typically issued for a period of up to one year with limited potential to have their duration increased.  Given their short duration, and the possibility for harm alleged to resume after the duration ends, we hold this issue is capable of repetition yet evading review.

unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed[,] and the court has no right to impose another meaning." *Id.* "What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. Therefore, the courts are bound to give effect to the expressed intent of the legislature." *Id.* (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992)).

Magistrate courts are statutory in nature. *See Bayly v. State*, 397 S.C. 290, 295, 724 S.E.2d 182, 184 (2012) (noting that the General Assembly established the jurisdiction of magistrate courts "in a legislative pronouncement"). Thus, magistrate courts "possess only that jurisdiction specifically delegated to them by the South Carolina General Assembly, which was granted authority over these issues [under the] South Carolina Constitution." *Singh v. Singh*, 434 S.C. 223, 229, 863 S.E.2d 330, 333 (2021).

The Harassment and Stalking Statute explicitly grants the magistrate court jurisdiction over an action seeking a temporary restraining order against "a person engaged in harassment in the first or second degree or stalking." S.C. Code Ann. § 16-3-1750(A) (2015). Harassment is "a pattern of intentional, substantial, and unreasonable intrusion into the private life of a targeted person that serves no legitimate purpose and causes the person[,] and would cause a reasonable person in [the person's] position[,] to suffer mental or emotional distress." S.C. Code Ann. § 16-3-1700(A), (B) (2015). Harassment can include any visual, physical, verbal, written, or electronic contact "that is initiated, maintained, or repeated after a person has been provided oral or written notice that the contact is unwanted." *Id.* Stalking is "a pattern of words, whether verbal, written, or electronic, or a pattern of conduct that serves no legitimate purpose and is intended to cause[,] and does cause[,] a targeted person[,] and would cause a reasonable person in the targeted person's position[,] to fear" personal or property damage to the person or a member of their family. S.C. Code Ann. § 16-3-1700(C) (2015).

A restraining order under this statute may enjoin a defendant from:

> (1) abusing, threatening to abuse, or molesting the plaintiff or members of the plaintiff's family;
>
> (2) entering or attempting to enter the plaintiff's place of residence, employment, education, or other location; and

> (3) communicating or attempting to communicate with the plaintiff in a way that would violate the provisions of this article.

S.C. Code Ann. § 16-3-1770(B) (2015).

The Protection from Domestic Abuse Act grants the family court jurisdiction over an action seeking an order of protection by any "household member"—a spouse, a former spouse, persons having a child in common, or individuals who are cohabiting or formerly have cohabited—alleging "abuse" against another household member.[5]  *See* S.C. Code Ann. § 20-4-20(b), (f) (2014 & Supp. 2025); *see also* § 20-4-40(a), (b) (2014).  The Protection from Domestic Abuse Act defines "abuse" to mean "physical harm, bodily injury, assault, or the threat of physical harm" and "sexual criminal offenses . . . committed against a family or household member by a family or household member."  S.C. Code Ann. § 20-4-20(a) (2014).  An order of protection may provide, in addition to the relief afforded under a temporary restraining order, additional relief that family courts have exclusive jurisdiction to provide—e.g., modifying custody, modifying child support, assigning personal property between the parties, and awarding attorney's fees.  *See* S.C. Code Ann. § 20-4-60(A), (C) (2014).

In reading the two statutory schemes together, we hold that the Protection from Domestic Abuse Act does not eliminate the magistrate court's subject matter jurisdiction over requests for stalking and harassment restraining orders between "household members."  *See Davis v. S.C. Dep't of Corr.*, 444 S.C. 138, 150, 906 S.E.2d 569, 575 (2024) ("Statutes should be read in harmony with their purpose and with other provisions that are part of the same general statutory law in order to determine their effect.").  Considering that the Protection from Domestic Abuse Act does not require cohabitation between "household members" at the time relief is sought, our conclusion reconciles the broad definition of "household members" with

---

[5] During nonbusiness hours or other times when the family court is not in session, the Protection from Domestic Abuse Act allows the petition for an order of protection to be filed with a magistrate.  *See* S.C. Code Ann. § 20-4-30(A) (2014).  However, the magistrate is limited in the relief that can be granted; specifically, the magistrate may only temporarily enjoin the respondent from abusing or threatening to abuse the petitioner. *See id.*; S.C. Code Ann. § 20-4-60(A)(1) (2014).

the varying degrees of relief that may be appropriate in any given case. *See* § 20-4-20(b) (defining "household members" as including spouses, former spouses, persons having a child in common, or individuals "who are cohabiting or formerly have cohabited").

The plain language of the Harassment and Stalking Statute does not exclude the possibility that stalking and harassment can take place between "household members." *See* S.C. Code Ann. § 16-3-1750 (2015). Critically, the Harassment and Stalking Statute provides "any person" may file a complaint and motion for a restraining order with the magistrate court. § 16-3-1750(C). The Protection from Domestic Abuse Act similarly does not offer any limitation on the magistrate court's subject matter jurisdiction solely because the parties are "household members." The family court may issue relief under the Protection from Domestic Abuse Act when (1) a "household member" (2) alleges abuse against (3) another "household member." *See* § 20-4-20(b), (f); *see also* § 20-4-40(a), (b). Thus, the mere fact that the parties are "household members," by virtue of being married, does not trigger the family court's jurisdiction under the Protection from Domestic Abuse Act; rather, an allegation of abuse must also be brought before the court.

In addition, the Protection from Domestic Abuse Act is notably silent on stalking and harassment. Stalking and harassment do not exist in the realm of abuse under the definition in the Protection from Domestic Abuse Act; instead, abuse and its elements are entirely separate and untethered from the elements of stalking and harassment. *Compare* § 20-4-20(a) (defining abuse), *with* § 16-3-1700(A)–(C) (defining harassment and stalking). Despite amending the Protection from Domestic Abuse Act after the Harassment and Stalking Statute was enacted, the legislature has never added stalking and harassment to the definition of abuse, suggesting the legislature did not intend stalking and harassment to be subject to the order of protection process or the family court's jurisdiction under the Protection from Domestic Abuse Act.[6] *See Berkebile v. Outen*, 311 S.C. 50, 53, 426 S.E.2d 760, 762

---

[6] We note that other states have elected to explicitly add stalking and harassment to the definition of abuse under their domestic violence protection statutes. *See, e.g.*, Ala. Code § 30-5-2 (West) (defining "abuse" to include assault, criminal coercion, harassment, kidnapping, menacing, reckless endangerment, sexual abuse, stalking, unlawful imprisonment, and any other conduct directed toward a plaintiff that could be punished as a criminal act under Alabama law); W. Va. Code Ann. § 48-27-202 (West) (defining "abuse" to include "[p]lacing another in reasonable apprehension

(1993) ("A basic presumption exists that the legislature has knowledge of previous legislation when later statutes are passed on a related subject.").

We recognize that a person may be stalked and harassed by a "household member" who is also abusing them with threats of physical harm, a situation that creates tension between the Harassment and Stalking Statute and the Protection from Domestic Abuse Act. That some of the alleged conduct might be considered abuse under the Protection from Domestic Abuse Act does not extinguish the magistrate court's jurisdiction over the stalking and harassment allegations contained in the same complaint.

In such a scenario, the magistrate court still retains subject matter jurisdiction to grant a restraining order as to the *stalking and harassment claims*. Any relief from abuse by a "household member" must be sought in the family court. We trust our magistrate courts to be sensitive to the interpersonal dynamics between the parties when granting a temporary restraining order and tailor any relief it may grant to avoid infringing on the family court's exclusive jurisdiction with regard to family matters—e.g., refraining from prohibiting a parent from contacting their coparent related to visitation of the children. While the relief available to a complainant seeking relief against their spouse under the Harassment and Stalking Statute is limited compared to the relief available under the Protection from Domestic Abuse Act, the magistrate court is not barred from hearing a request for relief under the Harassment and Stalking Statute because such relief is sought against the complainant's spouse.

In this case, Wife and Husband are still legally married, constituting "household members" under the Protection from Domestic Abuse Act. But as discussed above, the mere fact that Wife and Husband are "household members" under the Protection from Domestic Abuse Act does not extinguish the magistrate court's authority to hear Wife's request for a restraining order. And even if the allegations contained in Wife's request included allegations of abuse, such allegations do not extinguish the magistrate court's authority to provide relief as to the stalking and harassment claims under the Harassment and Stalking Statute. Whether particular conduct constitutes stalking and harassment is a determination that our magistrate courts are capable of making. The magistrate court made no

---

of physical harm" and "[c]reating fear of physical harm by harassment, stalking, psychological abuse or threatening acts").

finding here about the alleged conduct. Rather, the magistrate court dismissed the action on the ground it involved "household members." We reverse the circuit court's decision and remand for the magistrate court to review Wife's complaint and motion for a restraining order and grant relief as applicable.[7]

## CONCLUSION

For the reasons above, we reverse the circuit court's order and remand the case to the magistrate court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

**KONDUROS and VINSON, JJ., concur.**

---

[7] We take a moment to note the concerns raised in the amici curiae brief that married persons often are effectively shut out of the courts when seeking relief from harassment or stalking because of confusion over which court's jurisdiction prevails. While this court takes no position on this assertion, our decision today sufficiently addresses such concerns raised by the amici curiae.